Per Curiam.

The statute provision (1) brought in question by *he defendant’s plea is too explicit to admit of any doubts. Original writs, before they are served, are to be endorsed by [# 360 ] the plaintiff, or by his agent or attorney; and * the plaintiff’s agent, or attorney, who shall so endorse his name upon an original writ, shall be liable, in case of the avoidance, die , of the plaintiff, to pay the defendant all such costs as he sha. I recover, and to pay all prison charges that may happen, where the plaintiff shall not support his action.
1'he defendant, relies upon these last words, connected immediately with the case of prison charges. But the provision for the costs which the defendant shall recover is distinctly and fully expressed. Now, what are the cases provided for, in which the defendant is to recover his costs ? Among others, when any plaintiff shall, in any stage of his action, become nonsuit, or discontinue his suit, &c.
If the remedy against the endorser were restricted, however, as the defendant by his plea would insist, failing to support his action, when proved by a nonsuit or discontinuance, would be a case clearly within the meaning of the words and the plain intent of the' statute in the clause upon which this question is made.
The plea is adjudged bad, and execution is awarded.
ADDITIONAL NOTE.
[The death of a plaintiff pending the suit, and the insolvency of his estate, do not discharge an indorser of the writ. — Philpot vs. M’Arthur, 1 Fairf. 127.
Scire facias against an indorser. The plaintiff produced the return of an officer, upon an execution for costs, that he could find no property of the debtor, within his precinct. Held, this return was conclusive only of the facts stated, not of the requisite inability of the party. — Harkness vs. Farley, 2 Fairf. 491
Held, parol evidence was admissible upon this point, not contradicting the above return. — Ibid
Where in an action before a justice of the peace, the plaintiff fails, and carries :t up by appeal, the defendant may maintain an action against the indorser of the writ, without proving due diligence to collect the costs from the surety in the appeal. — Wheeler vs. Lathrop, 4 Shepl. 18.
In scire facias against an indorser, the return of an officer of an arrest of the original plaintiff on an execution for costs, and of his liberation by giving bond under the poor debtor acts, is not even prima facie evidence of his inability, because vhe giving of the bond may operate merely as an extension of payment. — Dillingham vs. Cowman, 6 Shepl. 74.
To sustain such action, the plaintiff must prove reasonable diligence in procuring payment from the original plaintiff And his inability or avoidance must be shown by an officer’s return upon the execution, issued within one year from judgment Parol evidence is insufficient.— Wilson vs. Chase, 2 Apple. 385.—F. H.]

 Stat. 1784, c. 28, § 9,11.