WILLIAM MERRILL *versus* ASA WALKER, JR.

Before the Revised Statutes, (c. 114, § 18,) provided that suits against indorsers of writs should be by *action on the case*, the only remedy was by *writ of scire facias*.

The provisions of the Revised Statutes in relation to the indorsement of writs, do not apply to cases where the writ had been indorsed before those statutes went into operation, although judgment was rendered in the action after that time.

Where at the time of the indorsement of the writ, one of the plaintiffs resided within the State, and the other without its limits; and before judgment the latter had removed within the State, and ever afterwards resided therein, and the defendant in that action was seasonably notified thereof; reasonable diligence must be used to collect the costs of him, before the indorser can be made liable.

THIS action was case against the defendant as indorser of a writ of replevin, in a suit brought by Joel Hills of Bangor, and William McLellan of Boston, against the plaintiff, on Jan. 8, 1838. That replevin suit was finally tried, and judgment rendered in favor of Merrill, at the October term of this Court, 1841, for a return of the property replevied, and for a bill of costs. An execution issued, and was returned unsatisfied by an officer of the county of Penobscot, on June 14, 1842. Be-

fore judgment was recovered in the replevin suit, McLellan had removed from Boston and resided at Warren, in the county of Lincoln, in this State, and has continued to reside there since. The present defendant notified the attorney of Merrill, soon after judgment, and while the first execution was in the hands of said attorney, that McLellan resided at Warren, and that he should insist that legal steps should be taken to recover the costs of McLellan.

*D. T. Jewett*, for the plaintiff, contended that the action could be maintained in its present form, a special action on the case. Although the writ was indorsed before the Revised Statutes went into operation, yet judgment was not rendered until afterwards. Those statutes, c. 114, $ 18, provide, that all suits against indorsers of writs shall be by action on the case, but the provisions do not extend to " liabilities heretofore incurred." No liability was incurred by the defendant until after judgment, and therefore the present case comes within the provisions of the Revised Statutes.

But if it is to be considered, that the liability was incurred at the time the writ was indorsed, still *case* is an appropriate remedy, although *scire facias* would also lie. *How* v. *Codman*, 4 Greenl. 79.

An action can be maintained against the indorser of a writ of replevin, although the bond provides for the payment of the costs. *Gould* v. *Barnard*, 3 Mass. R. 199.

*Walker, pro se,* contended that the Revised Statutes could have no application to this case: — first, because they do not require a writ to be indorsed, where either of the plaintiffs resides within the State; and secondly, because all liabilities previously incurred are expressly excepted from the operation of those statutes. The liability was here incurred, when the indorsement was made. Were it otherwise, the repeal of the statute, requiring an indorser in a case like this, would have taken away all remedy against the indorser.

Before the Revised Statutes made provision for a different one, in cases arising after they went into operation, the only

remedy against an indorser of a writ was by *scire facias.* 1 Chitty on Pl. 94, 106; *Ruggles* v. *Ives,* 6 Mass. R. 494; *How* v. *Codman,* 4 Greenl. 79; 2 Salk. 598; *Woodcock* v. *Walker,* 14 Mass. R. 386; *Reed* v. *Blaney,* 2 Greenl. 128.

Another fatal objection to this action is, that the statute regulating replevin requires that a bond should be given with sufficient sureties, conditioned among other things for the payment of costs; and in this case the bond has been paid and given up. *Gould* v. *Barnard,* 3 Mass. R. 199.

The action cannot be supported, because by due diligence the costs could have been collected of McLellan.

The opinion of the Court was by

WHITMAN C. J. — This is a special action of the case, against the defendant as an indorser of a writ, and comes before us upon an agreed statement of facts. The writ endorsed was replevin to recover a yoke of oxen.

The first question raised, and discussed by the counsel for the parties, is as to the form of action adopted in this case; the defendant contending, that it should have been *scire facias,* and not case. The Revised Statutes, c. 114, § 18, have provided, that suits against indorsers of writs shall be by special action on the case; but, in the conclusion of the same section, it is provided, that the same shall not extend to any liability, as indorser, theretofore incurred. This liability was incurred before the passage of those statutes. If, therefore, an action of the case would not lie, in such cases, before that event, it will not lie in this case.

Before that time, it is believed, no such action was ever brought. Writs of *scire facias,* against indorsers of writs, have been very frequently in use; and no question was ever directly made, in reference to their suitableness for the purpose of recovering costs incurred by the defendants, in groundless suits against them, by plaintiffs, who were not responsible, or had avoided the payment of them, except in the case of *How* v. *Codman,* 4 Greenl. 79, in which C. J. Mellen uses this language; " We do not say that an action of the case would

not be as convenient and correct as the remedy by writ of *scire facias*; but there can be no advantage in changing a long established course of proceeding, which relates merely to the remedy, and has no connection with a right." The Chief Justice meant merely to suggest a doubt, it may be presumed, whether the remedy by action of the case might not originally have been adopted with propriety, instead of *scire facias*. This is inferable from his immediately adding "but there can be no advantage in changing a long established course of proceeding." His impression doubtless was that it would be incorrect to do so.

When there is a well established course of proceeding at law, there is great advantage in adhering to it; and in suffering no unnecessary departure from it. It tends to certainty, simplicity and precision in legal proceedings. Any departure from it is accompanied with embarrassment and perplexity. It is like leaving a well trodden highway, in which all the incidents are familiar, and well known, for one untrodden, and in which the obstacles to be encountered cannot be foreseen.

Besides, if a statute creates a right, and prescribes the mode of proceeding to obtain the benefit of it, that mode must be followed, and none other. When it prescribes no mode, one must be devised, and sanctioned by the Court; and, when so sanctioned, there is the same utility, and the same good sense, in holding it to be the only mode of proceeding admissible.

The proceeding by *scire facias* was an appropriate mode for the purpose, and judiciously adopted. The case of indorsers is analogous to that of bail. The one is to secure the plaintiff in case of the avoidance of the defendant, and the other to secure the defendant in case of the avoidance of the plaintiff. In both cases the cause of action arises from matter of record. In both cases the cause of action is but an incident to a principal cause of action, already determined, the proceedings in which are matters of record. A proceeding, therefore, by a species of judicial writ, to complete the remedy growing out of the original action, is obviously appropriate;

and should not be departed from till a statute alteration to the contrary shall have taken effect.

Another ground of defence is set up, which we think might well be relied on. It is, that the attorney of the debtors, before the issuing of the alias execution against them, the doings upon which are relied upon to show avoidance in this case, apprised the present plaintiff of the fact that McLellan, one of those debtors, though of Boston when the original writ was sued out by them against the plaintiff, had removed into, and had become an inhabitant of Warren, in this State ; and nevertheless no endeavors were made to collect the amount due on the execution of him ; and there was no evidence to show that he had not estate sufficient to have discharged it, or that he in any manner avoided the payment of the amount necessary to discharge it. Before an indorser of a writ can be called upon for costs, for which judgment may be recovered against a plaintiff, reasonable diligence must appear to have been used to obtain them of him. Now here no such diligence was used against one of the original plaintiffs, who might have been called upon, and if called upon, might, for aught that appears, have discharged the execution. His being named in the original writ against the present plaintiff as of Boston, cannot form an excuse for such an omission ; when it appears, as it does here, that the plaintiff had been apprised that McLellan had removed to this State, and had become a resident therein, and within the reach of the process of this Court.

*Plaintiff nonsuit.*