WILLIAM A. CARROLL *vs.* ZALMON T. WILLIAMS.

*Assumpsit* lies against one to recover the costs of suit for which he has become liable as surety by indorsing his name on the writ as provided by Pub. Stat. R. I. cap. 206, §§ 25, 26.

The surety's liability in such case is not founded on the statute, nor on the judgment rendered in the suit in which he became surety, but on an undertaking merely collateral to such suit.

The declaration in *assumpsit* against a surety for costs, in describing the suit in which the defendant had become such surety, omitted the name of one of the defendants therein other than the declarant.

*Held*, that the variance was immaterial.

DEFENDANT'S petition for a new trial.

*January* 4, 1894. MATTESON, C. J. This is an action of the case to recover from the defendant the costs of suit, for which a judgment was rendered by the Court of Common Pleas at its December Term, 1889, in favor of the plaintiff in an action of trespass brought by one Cassius C. Brown against the plaintiff and others. In that action Brown was required to give surety for the defendants' costs. The defendant in this suit became surety in compliance with the order of the court by indorsing his name on the writ in accordance with Pub. Stat. R. I. cap. 206, §§ 25, 26.

The present suit was brought originally in the District

Court for the Eighth Judicial District, in which judgment was rendered for the plaintiff, and was taken by appeal to the Court of Common Pleas. In the latter court, jury trial being waived, it was heard by the court, and judgment rendered for the plaintiff for $75.60 debt and costs. The defendant thereupon filed this petition for a new trial, alleging erroneous rulings by the court below, and that the judgment is against the evidence.

At the hearing in the Court of Common Pleas, the plaintiff offered in evidence the original papers in the suit of *Brown* v. *Carroll and others*, referred to above. The defendant objected to their admissibility on the ground that there was a variance between the description of the suit in the declaration and the suit as shown by the papers. The court overruled the objection and admitted the papers. To this action of the court the defendant excepted.

The variance between the declaration and the papers admitted consisted of a misdescription of the suit of *Brown* v. *Carroll and others* in the declaration, in that the name of one of the defendants to that suit, not, however, that of the plaintiff in this suit, had been omitted, apparently inadvertently, by the draughtsman. It is to be borne in mind that the present suit is not founded on the judgment in *Brown* v. *Carroll and others*, but that the papers in that suit were introduced merely as evidence of the proceedings recited in the declaration by which the liability of the defendant in the present suit arose. We do not think, therefore, that the omission of the name of one of the several defendants, a mere clerical error, the description being in other respects sufficient to satisfy the court as to the identity of the judgment with that set out in the declaration, was such a variance as to preclude the court from admitting it in evidence.

At the conclusion of the plaintiff's testimony in the court below, the defendant moved that the plaintiff be non-suited, and also in arrest of judgment, on the grounds, 1, that the action was misconceived; that the plaintiff should have proceeded by a writ of *scire facias* instead of suing in *assumpsit;* 2, that the only remedy against an indorser of a writ as a

surety for costs, unless the statute provides a different remedy, is by a writ of *scire facias*. The court overruled the motions and defendant excepted.

The defendant contends that the foundation of the present suit is the judgment in the former suit, and, hence, that it is an action on a specialty, and being such, that an action of *assumpsit* will not lie. If the action is to be regarded as an action on a specialty, the defendant's point is, doubtless, well taken ; but we do not think it is to be so regarded. It is based, not on the judgment, which was a judgment merely between Brown and the plaintiff, to which the defendant was not a party, but on the undertaking of the defendant, which undertaking was merely collateral to the suit of *Brown* v. *Carroll*. This undertaking was to pay the costs, if any, which the defendants in that suit should lawfully recover against the plaintiff therein.

Nor do we think, as the defendant still further contends, that the action is to be regarded as an action on the statute, Pub. Stat. R. I. cap. 206, § 26, and, therefore, as an action on a specialty, since the liability of the defendant is by virtue of his undertaking, and not by virtue of the statute. His liability might as well have been entered into by a stipulation signed by him, or by a bond executed by him, as in the mode provided by the statute. The statute has merely provided a more convenient method by which the surety may enter into the liability; but it does not create the liability. The liability arises by the act of the surety himself.

Inasmuch, therefore, as the action is not founded on a specialty and the liability of the defendant was not created by an instrument under seal, we do not think the action was misconceived, but we do think that an action of *assumpsit* will lie.

The defendant in support of his contention that the only remedy against the indorser of a writ as surety for costs, unless the statute provides a different remedy, is by a writ of *scire facias*, cites several cases from the reports of Maine and Massachusetts which support his position. *Merrill* v. *Walker*, 24 Me. 237 ; *Reid* v. *Blaney*, 2 Greenl. 128 ; *How*

v. *Codman*, 4 Greenl. 79; *Ruggles* v. *Ives*, 6 Mass. 494; *Talbot* v. *Whiting*, 10 Mass. 359 ; *Miller* v. *Washburn*, 11 Mass. 411.　The courts of the former state, having followed the rule adopted in the latter, appear to have adhered to it merely for the sake of uniformity until the statute (Revised Statutes, Me. 1840, cap. 114, § 18) provided that suits against such indorsers should be by special action on the case. Mellen, C. J., in *How* v. *Codman*, *supra*, remarks, "We do not say that an action of the case would not be as convenient and correct a remedy as the remedy by *scire facias*; but there can be no advantage in changing a long established course of proceeding, which relates merely to the remedy and has no connection with the right." The reasons on which the rule is based are that the relation of the indorser of a writ is analogous to that of bail ; the latter being to secure the plaintiff in case of avoidance by the defendant ; and the former to secure the defendant in case of avoidance by the plaintiff ; that the cause of action in each arises from matter of record, and that in both the cause is but an incident to a principal cause of action already determined, the proceedings in which are matters of record and, therefore, that a judicial writ like *scire facias* is the appropriate proceeding to complete the remedy growing out of the original action.　*Merrill* v. *Walker*, 24 Me. 237, 240.

In this State the question is a new one, and we are, therefore, free to decide it unembarrassed by precedent.　It seems to us that the fallacy of the reasoning in the cases referred to, is in treating the liability of the indorser of a writ as an incident to the principal cause of action, and therefore binding on the indorser as a matter of record.　The liability strikes us as collateral to the original suit, rather than as collateral to the cause of action in that suit.　On what principle can it be held that the indorser of a writ is precluded by the judgment against the defendant in that suit from having that judgment revised and corrected, if the taxation of costs as against the defendant, on which the judgment was based, be illegal or erroneous?　He is not a party to the suit, but a mere surety.　Not being a party, he has had no

opportunity to be heard in relation to the taxation. If the liability is to be regarded as a mere incident of the principal cause of action, would it not follow that the judgment against the defendant would also be binding on the indorser so as to preclude him from contesting the taxation of costs on which it was based ?

Again, it seems to us that the liability of the indorser is in no sense a matter of record, except that it is entered into, by virtue of the statute, by the indorsement of the writ which is a part of the record in the suit. It is not a matter of record in the sense that it is a liability, the amount of which is fixed by the party entering into it, like a recognizance, or which has been adjudicated by a court in the course of proceedings before it, for the establishment of which nothing is necessary but the production of the instrument of judgment.

Again, the liability is one, as we have already shown, which may as well be entered into by a stipulation or bond entirely outside of the record as by the indorsement of the writ. If so created, no one would claim that the liability was a matter of record.

We are of the opinion that an action of *assumpsit* is an appropriate proceeding against the indorser of a writ to recover the costs for which he has thus become liable.

The defendant at the argument of this petition took the point that the action was not brought within a year from the entry of the judgment in the case of *Brown* v. *Carroll*, as required by Pub. Stat. R. I. cap. 206, § 28. The record does not show that this point was taken in the court below; but if it was, it is untenable; for the judgment in favor of the plaintiff was entered in that suit on December 3, 1889, and the writ in the present suit was served on December 1, 1890.

Defendant's petition for a new trial denied and dismissed with costs.

*Charles H. Page & Franklin P. Owen,* for plaintiff.
*Marquis D. L. Mowry,* for defendant.