## George W. Coffin & al. vs. Bradbury Collins.

The books of a corporation are the regular evidence of its corporate acts.

Where the records of a corporation are in existence and can be obtained, parol evidence is inadmissible to prove the acceptance of the charter, or to prove what persons are members of the corporation.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Replevin for a quantity of board logs. The brief statement of the defendant alleged that the logs were taken by him as a deputy sheriff, and were then the property of one *Sabin P. Jordan*, and were seized on an execution in favor of one *Bracy* against the *Narraguagus Log-driving Company*, of which *Jordan* was alleged to have been a member, and liable for the company debts.

The defendant, having admitted that he took the logs from the possession of the plaintiffs, introduced evidence to show that the logs were the property of *Jordan*. He proved *Bracy's* judgment against the *Company*, which was founded on a note given to him by one *Curtis* as treasurer of the *Company*, in payment for services rendered in driving logs ; and produced an execution issued on the judgment, and which had been placed in the hands of the defendant for collection. The defendant then proposed to prove the existence of the corporation, that *Jordan* was one of its members, and that his property was liable to be taken to satisfy the execu-

tion. He introduced an act incorporating the *Narraguagus Log-driving Company*, dated *March* 25, 1836. He then offered to prove, that prior to the date of the charter, a part of the persons named in the act agreed with each other in writing to accept the charter when it should come, and to proceed forthwith to the choice of officers; that prior to the charter, officers were chosen, among whom one *Nichols* was chosen clerk; to prove by parol that when the charter was obtained, a part of the persons named therein expressed their satisfaction with it; that a part of them after the act was obtained met together and agreed to act under it; that a part of the persons named in the act employed an agent to drive logs, who employed many hands in the business; that one of the persons named in the act acted as treasurer, and gave notes in the name of the company in payment for the labor of the hands employed in driving the logs; that *Nichols* had represented himself to be clerk, and *Curtis* to be treasurer of the company; and that both before and after the commencement of this suit, the business of driving logs was carried on by persons representing themselves to be agents acting in behalf of the company. To the admission of all the testimony thus offered, the plaintiffs objected, and the Judge ruled that it was inadmissible. To this ruling of the Judge, the defendant excepted.

*Burbank*, for the defendant, contended, that the testimony rejected ought to have been admitted. It is not necessary to show the acceptance of a charter by vote. It may be shown by corporate acts. The act shows that *Jordan* was named in it, and the evidence offered was sufficient to have justified the jury in saying that he acted under it. The jury were the proper judges of the weight of the testimony. *Angel & A. on Corp.* 48; *Ch. R. Bridge* v. *Warren Bridge*, 7 *Pick.* 344; *Ellis* v. *Marshall*, 2 *Pick.* 269; *Bank U. States* v. *Dandridge*, 12 *Wheat.* 71. *Jordan's* property was liable to be taken on an execution against the company, he being a stockholder. *Spec. Laws* of 1836, *c.* 159.

*Hobbs*, for the plaintiffs, said, that the testimony offered supposed that there was a clerk of the corporation. No excuse is given for the omission to call upon the clerk to produce the records of the company. The best evidence of the acceptance of the char-

ter and of the organization under it, is derived from the records
themselves. Parol evidence, being of an inferior character, is in-
admissible, where record evidence exists and may be obtained.
*Owings* v. *Speed,* 5 *Wheat.* 420; *Angel & A. on Cor.* 378.

The persons named in the act of incorporation did not become
stockholders unless they assented to it afterwards, and this assent
should be proved by the records. *Ellis* v. *Marshall,* 2 *Mass. R.*
269 ; *Lin. & Ken. Bank* v. *Richardson,* 1 *Greenl.* 79.

The declarations of individual members of a corporation, not
acting as agents, cannot bind the corporation, and are not admissi-
ble to prove others to be members of it. *Polleys* v. *Ocean Insur-
ance Co.,* 14 *Maine R.* 141.

The testimony offered was rightly rejected, because it was im-
material. It does not show that *Jordan* ever recognized the char-
ter as binding on him, or that he ever acted under it.

The opinion of the Court was prepared by

WESTON C. J. — The logs in controversy, having been taken
from the possession of the plaintiffs, to sustain the defence, it was
incumbent on the defendant to prove, that the *Narraguagus Log-
driving Company* was an existing corporation, legally acting as
such, that *Jordan* was a member of it, that the logs were his pro-
perty, and that they were duly seized, in virtue of an execution
against the company. The acceptance of the charter, creating that
company, like every other controverted fact, is to be proved by the
best evidence, in the power of the party who relies upon it. The
books of a corporation are the regular evidence of their doings.
*Owings* v. *Speed & al.* 5 *Wheat.* 420. Parol evidence is in its na-
ture of an inferior character. If books have not been kept, or have
been lost or destroyed, or not accessible to the party, upon whom
the affirmative lies, doubtless an acceptance of the charter may be
proved by implication from their acts, if such acts are otherwise capa-
ble of proof. In this case an individual claimed to hold and exercise
the office of clerk of the company. He might have been summon-
ed to attend with their books. For any thing which appears, the acts
and doings of the corporation might, in this mode, have been duly
and regularly proved. The declarations of some of the persons nam-
ed in the charter, or the movement of part of them, in the business

Coffin *v*. Collins.

contemplated by it, would affect them only as individuals, unless done in a regular corporate capacity, or under the direction of the corporation. No formal vote of acceptance was necessary. It may be implied from proof of any regular corporate act, of which as has been before stated, its books are the best evidence.

But whatever proof may have been offered of the acceptance of the charter, by some of the corporators, it does not appear, that *Jordan* became actually a member. His being named in the act, does not necessarily prove his assent to, or acceptance of the powers conferred. *Ellis* v. *Marshall*, 2 *Mass. R.* 269. The act renders the private property of every member liable for the debts of the corporation. *Special Laws* of 1836, *c.* 159, § 6. There should be regular proof of the existence of the corporation, and the actual membership of the party to be affected, before a liability so onerous can legally attach.

*Exceptions overruled.*