## HOAGLAND *vs.* BELL.

A judgment against a corporation, as acceptor of a draft, is prima facie evidence, in an action against a stockholder, to enforce his individual liability, that the draft was properly drawn and accepted by a duly authorized officer of the company.

Where the name of an individual appears on the stock book of a corporation as a stockholder, this is presumptive evidence that he is so. And in an action against him as a stockholder, the burthen of proving that he is not a stockholder is thrown upon him.

36b    57
171 NY ²498

THIS suit was brought to recover of the defendant, as a stockholder of the "Avon Coal Oil Company," the amount of a judgment recovered by the plaintiff against said company, upon which an execution had been returned unsatisfied. The company was duly organized July 19, 1859, under the general act "to authorize the formation of corporations for manufacturing, mining, mechanical or chemical purposes," and the acts amending the same. The ground alleged for the personal liability of the defendant was, that the capital stock of the company was not at the time of contracting the debt, nor at the time of bringing the suit, fully paid in. This allegation in the complaint was not denied in the answer, and was admitted at the trial. The suit against the company was founded upon a draft, dated August 22, 1859, payable in ninety days, drawn by George R. Clark, superintendent, on J. F. Kendall, treasurer, to the order of the drawer, indorsed by him, and accepted by the company, which draft the plaintiff took, *bona fide*, for full value, before its maturity, of a precedent indorser. The company appeared and put in its answer, which was held sufficient, and judgment was entered for the plaintiff for $316.53, March 15, 1860. Execution was issued thereon, to the sheriff of the city and county of New York, which was returned wholly unsatisfied. This suit was then brought against the defendant as a stockholder.

The cause was tried before Hon. J. MULLIN, justice, and a jury, November 16, 1860. The plaintiff, for the purpose of showing the defendant to be a stockholder of the company,

---
Hoagland *v.* Bell.
---

put in evidence the stock or transfer book of the company, which showed that he held stock to the amount of ten shares. The defendant objected to the reception of this evidence. The jury, under direction of the court, found a verdict for the plaintiff. During the trial various points of law were raised by the defendant, which the justice directed to be further argued before him at circuit; which argument was had, and judgment was entered on the verdict in accordance with the direction of the court, for $412.75. The defendant appealed from the judgment.

*Wm. H. Arnoux,* for the appellant.

*D. A. Hawkins,* for the respondent.

*By the Court,* BARNARD, J.   The judgment was *prima facie* evidence that the draft was properly drawn and accepted by a duly authorized officer of the company.

When the judgment roll was offered in evidence, there was no objection on the part of the defendant in regard to the truth of every fact and allegation contained therein, but only that the judgment offered in evidence varied from the one sued on.   That variance, as Justice Mullin remarked at the trial, was a slight one, and one entitled to no weight.

The point that the defendant should not be held liable because he was not a stockholder, is untenable.   It rarely happens that the stock is in the first instance taken in the name of the owner, but by some one as a representative, and then transferred by assignment.   The defendant's name appeared on the stock book as a stockholder, and that was presumptive evidence that he was so.   The burthen of proof was thrown then on the defendant.   He failed to prove any fact whereby the force of the entry in the transfer book could be overlooked.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, Sepember 16, 1861.   *Clerke, Gould* and *Barnard,* Justices.]