## CAREY v. WILLIAMS.

(Circuit Court of Appeals, Second Circuit. April 8, 1897.)

1. EVIDENCE—WRITTEN ADMISSIONS—AFFIDAVIT—PROOF BY COPY.

Pursuant to a stipulation that either party might read in evidence any document "proved or admitted" in a prior action, plaintiff, to prove an alleged admission contained in an affidavit by defendant, read a copy of the affidavit, taken from the exemplified copy printed in the record of the case. Nothing was read from such record to show that defendant executed the affidavit, or that it had been proved or admitted in the case. *Held,* no evidence of the alleged admission to go to the jury.

2. CORPORATIONS—PROOF OF MEMBERSHIP—ENTRIES IN CORPORATE BOOKS.

Entries in the books of a corporation showing the transfer of stock to a certain person, and payments by him thereon, are not prima facie evidence that he is a stockholder, in a suit to charge him as a stockholder of the corporation.

**3.** SAME—BOOKS AS EVIDENCE—STATUTE.

A statute providing that one "in whose name shares of stock stand on the books of the company shall be deemed the owner thereof, as regards the company," only estops the company from disputing that such person is a stockholder, and does not render the books admissible against him to prove that he is one.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Burton N. Harrison and Arthur H. Masten, for plaintiff in error. George Zabriskie, for defendant in error.

Before PECKHAM, Circuit Justice, and WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the plaintiff in the court below to review a judgment in favor of the defendant entered on the verdict of a jury rendered by the direction of the court.

The action was brought to recover from the defendant, as the alleged holder of 250 shares of the capital stock of the National Express & Transportation Company, a corporation of the state of Virginia, two assessments made upon stockholders,—the first by the chancery court of the city of Richmond, December 14, 1880, for 30 per cent. of the par value of the shares, and the second by the circuit court of Henrico county, Va., March 26, 1886, for 50 per cent.; being in all the full amount alleged to remain unpaid of the original subscription price.

The trial judge ruled that the evidence upon the issue whether the defendant had ever become a stockholder of the company was insufficient to authorize the submission of that issue to the jury, and the only assignments of error which have been argued are those which challenge the correctness of this ruling.

The plaintiff sought to prove that the defendant was a stockholder—First, by an admission alleged to have been made by the defendant in an affidavit in a suit brought by Alexander J. Mayer against the National Express & Transportation Company in the supreme court of the state of New York; and, secondly, by entries in the books of the National Express & Transportation Company showing the transfer of 250 shares of stock from the company to the defendant November 1, 1865, and his payment of two calls thereon for $1,250 each,—the first, November 1, 1865, and the second March 9, 1866.

To prove the admission by the defendant, the plaintiff read, pursuant to a stipulation between the parties, a copy of an affidavit purporting to have been subscribed and sworn to by the defendant October 1, 1866. The stipulation provided that either party might read in evidence from the printed record in a certain equity cause, subject to any legal objection except as to the form of a question, any deposition, record, book, document, or extract therefrom, "proved or admitted" in such cause. The plaintiff also produced and read a copy of the same affidavit from an exemplified copy of a record in the suit of Mayer v. National Express &

Transportation Company. Thereafter he called upon the defendant to produce the original affidavit, and gave evidence sufficient to excuse its nonproduction by himself. He offered no other evidence tending to show that the defendant had ever subscribed or verified an affidavit in substance similar to the copy, or any affidavit whatever. At the close of the evidence the plaintiff moved for leave to withdraw a juror, on the ground of surprise "in not being able to find the original of the defendant's affidavit." The court denied this motion, and, upon the defendant's motion to direct a verdict in his favor, ruled, among other things, that there was no evidence sufficient to go to the jury that the defendant had ever made the affidavit. We think this ruling was correct.

Obviously, all the evidence which was thus offered by the plaintiff was introduced for the purpose of making secondary proof of the contents of the original affidavit. It was incumbent upon him, before he could complete his secondary evidence and avail himself of the copy of the affidavit as proof of the contents of the original, to show that the original had been made by the defendant. If he had produced the original affidavit itself, instead of a copy from the exemplification, and from the printed record in the equity cause, the document would not have proved itself; and it would still have devolved upon him, in order to establish an admission in writing by the defendant, to prove the defendant's signature, or to prove in some other way that the defendant had made the affidavit. The copy read from the exemplification, and from the printed record in the equity cause, could have no greater force as evidence than the original affidavit would have had. The plaintiff apparently was under no misapprehension at the trial that he had failed to prove the alleged admission of the defendant, and that there was no evidence tending to show the genuineness of the original affidavit. We are at a loss to understand upon what theory it can be plausibly insisted in his behalf now that there was any. The circumstance that the copies were read in evidence is of no importance. It was a matter going merely to the order of proof whether they were read first, and the execution of the original proved subsequently, or vice versa. By consenting to the order of proof adopted, the defendant did not waive any right to object in due season to the insufficiency of the proof. The purpose of the stipulation pursuant to which the copy was read from the printed record in the equity cause was to enable the parties to dispense with the production of the depositions, documents, etc., which had been proved in the cause, and to read from the printed record in lieu of reading from the originals, but it was not intended to enable them to avail themselves of incompetent or inadequate evidence as sufficient proof of any fact in dispute. If anything had been read from the printed record tending to show that the defendant was the author of the affidavit, a different question would arise, but nothing of that sort was read. It did not appear that the affidavit had been "proved or admitted" in the equity cause, and, so far as appears, it may have been used merely for the purpose of some interlocutory proceeding in the cause.

Inasmuch as there was no evidence of the alleged admission of the defendant, the only evidence in the case tending to prove that he was a stockholder was that consisting of the entries in the books of the corporation. We are thus brought to the important question in the case, which is whether the entries contained in the corporate books of the company afforded prima facie evidence that the defendant was a stockholder. The relation of corporation and stockholder is a contractual one, and can only be created with the consent, express or implied, of both parties. The assent is evidenced when the name of the stockholder appears as such upon the books of the company; as to the corporation, by its act in placing his name there; and, as to the stockholder, by his knowledge and acquiescence in the act. It is not enough that he appears to be a stockholder upon the books, and when this occurs without his sanction he incurs no liability as such.

It is an elementary rule of the law of evidence that a party cannot make evidence in his own favor, of a contract, by his own statements or declarations of its existence or its terms. They are evidence against him, but not for him. Accordingly it has uniformly been held that entries in the books of a co-partnership, in the nature of declarations showing who are the persons that compose the firm, are not evidence in behalf of the partners, as against a third person, for the purpose of showing that the latter was a member. There is no reason why a different rule should be applied to the entries in the books or records of a corporation which tend to charge a party with the responsibilities of a stockholder. Corporations are not exempt from the ordinary rules of evidence, and there is no stronger presumption of honesty, or regularity or accuracy as to their books or records than there is in the case of natural persons.

Prior to the case of Turnbull v. Payson, 95 U. S. 418, in which Mr. Justice Clifford made an observation to the contrary, there was no respectable authority for the proposition that, without the aid of some statute changing the ordinary rule of evidence, the appearance of the name of a person on the books of a corporation as a stockholder, without other evidence, created a presumption, as against him, of his ownership of the stock. The only reported decision in which it had been so declared was the nisi prius case of Hoagland v. Bell, 36 Barb. 57. The opinion consisted merely of the statement that the appearance of the defendant's name on the stock book as a shareholder was prima facie evidence that he was so, and the burden was then thrown on him to disprove that he was a stockholder. No reasons were assigned, no authority was cited, and there was no discussion of the question upon principle. It may be that the statute under which the corporation was organized dispensed with the ordinary proof by a provision, which has occasionally been adopted, giving to such an entry upon the books of the corporation the force of evidence. No subsequent decisions by the courts of New York have adopted that decision, and, as will be seen, it is irreconcilable with their later decisions.

Turnbull v. Payson was an action to recover an assessment upon a stockholder, and the plaintiff offered to prove that the defendant was

a stockholder (1) by the books of the corporation, in which the name of the defendant was entered as the owner of 50 shares; (2) by the stock book of the company, with a duplicate of the stock certificate issued to the defendant, showing that he was the owner of the same number of shares; (3) by testimony that the certificate was sent to the agents of the company to be delivered to the defendant when he paid 20 per cent. of the shares, and that he made the required payment; and (4) by a receipt, signed by the defendant, showing that the company paid the defendant a dividend upon his stock. The court decided that the exceptions to the evidence thus offered were not tenable, and Mr. Justice Clifford said:

"Taken as a whole, it is clear that the evidence offered was amply sufficient to warrant the jury in finding that the defendant was a stockholder, as alleged."

He then made this observation:

"Where the name of an individual appears on the stock book of a corporation as a stockholder, the prima facie presumption is that he is the owner of the stock, in a case where there is nothing to rebut that presumption; and, in an action against him as a stockholder, the burden of proving that he is not a stockholder, or of rebutting that presumption, is cast upon the defendant."

He cited as authorities for the observation Hoagland v. Bell, supra; Plank Road Co. v. Rice, 7 Barb. 162; Turnpike Road v. Van Ness, 2 Cranch, C. C. 451, Fed. Cas. No. 11,986; Mudgett v. Horrell, 33 Cal. 25; Coffin v. Collins, 17 Me. 440; Merrill v. Walker, 24 Me. 237. None of the citations support the proposition, except the case of Hoagland v. Bell, which has been referred to. In Plank Road Co. v. Rice it appeared that the defendant had signed a subscription paper for the stock, that he accepted a certificate, and that his name was entered as a stockholder. In Turnpike Co. v. Van Ness, the question was whether a sufficient amount of stock had been subscribed by other persons to make the defendant's subscription binding. There was no question that the defendant had subscribed. The court held that for this purpose, and as between the corporation and the defendant, a book containing subscriptions which he had himself received when acting as a commissioner to receive subscriptions was prima facie evidence that the subscriptions were genuine, and that the defendant's election and acting as manager was prima facie an admission by him of the existence of the corporation. In Mudgett v. Horrell the point decided was that the stock books are not conclusive against a person charged as a shareholder. The statute in that case made the books prima facie evidence of the facts therein stated, in any action or proceeding against the company, or against any one or more stockholders. While all of the judges agreed that the books were not conclusive, two of them held that they were not competent evidence at all to prove that a person whose name was entered in them was a stockholder, saying:

"There is a species of absurdity in holding that the books were admissible evidence to prove the very fact on which their admissibility depends."

Coffin v. Collins was replevin against a deputy sheriff for taking logs of one Jordan on execution against a corporation. The defendant sought to justify under the charter, which made stockholders

individually liable for judgments against the company, by proving that Jordan was a stockholder, and for that purpose offered the charter, in which he was named as an incorporator, together with proof that the company was organized by some of the persons named in it, and carried on business as a corporation. The court held that the testimony was properly excluded, and said:

"Whatever proof may have been offered of the acceptance of the charter by some of the corporators, it does not appear that Jordan became actually a member. His being named in the act does not necessarily prove his assent to, or acceptance of, the powers conferred."

Merrill v. Walker is apparently a miscitation, as the case has nothing to do with corporations, stockholders, or evidence.

In Chase v. Railroad Co., which was decided in 1865 by the supreme court of the state of Illinois (38 Ill. 215), the question was whether the corporate books were admissible against a defendant in an action to recover for unpaid shares; and the court were unanimously of the opinion that they were not, in the absence of proof that he was a member of the corporation. Chief Justice Breese, in delivering the opinion of the court, placed the decision upon the principle that a party cannot make evidence for himself against a third party.

The remark of Mr. Justice Clifford in Turnbull v. Payson has been cited in several subsequent adjudications as authority for the general proposition which it embodies (Lewis' Adm'r v. Glenn, 84 Va. 947, 6 S. E. 866; Vanderwerken v. Glenn, 85 Va. 9, 6 S. E. 806; Railroad Co. v. Applegate, 21 W. Va. 172), in all of which cases it was unnecessary to decide the proposition, because there was other evidence tending to show a subscription for or purchase of shares by the defendant; and in Liggett v. Glenn, 2 C. C. A. 286, 51 Fed. 381, where the point was not necessarily in question, and the judgment proceeded upon the ground of the erroneous reception of evidence.

Read in connection with the facts of the case, it is by no means clear that Mr. Justice Clifford meant to imply that the prima facie presumption would arise merely from the appearance of the name of the alleged stockholder on the books of the corporation. The case was one where the name properly appeared upon the books, and it is to be presumed that the observation was addressed to the state of facts under consideration. In any other view, it was obiter. Under the circumstances, we do not feel constrained to consider the proposition as authoritatively decided by Turnbull v. Payson, and we think it such a departure from principle that it ought to be rejected. In many cases its application might be most dangerous and unjust. When the alleged stockholder has died, and the suit is against his legal representatives, such a rule of evidence might be fatal to their rights.

The books and records of corporations, when properly kept, are evidence of the acts and proceedings of the corporate body, but cannot be used to establish claims or rights of the corporation against third persons, unless pursuant to the sanction of some statute. Ang. & A. Corp. § 679. And they are not evidence

against a stockholder in respect to a contract entered into by him with the corporation, notwithstanding he has access to them, because, as to such a contract, he is regarded, not as a stockholder, but as a stranger. Hill v. Waterworks Co., 2 Nev. & M. 573; Haynes v. Brown, 36 N. H. 545; Hager v. Cleveland, 36 Md. 476. In Wharton on Evidence ([3d Ed.] § 662), it is said that, in suits by a corporation against its members, its books cannot be used as "proving in behalf of the corporation self-serving entries." Such is the rule recognized by the adjudications of the courts of New York. In Bridge Co. v. Lewis, 63 Barb. 111, it was held that the books of the bridge company containing an account of the tolls received for the bridge were not admissible as against the defendant, a stockholder of the company, to prove the amount, without the necessary preliminary proof as to such tolls, but that such books, proved by its treasurer to have been kept by him and to contain correct entries of tolls, as given to him by the toll gatherer, coupled with the proof by the toll gatherer that he had made correct returns of the tolls received by him, were admissible, because proved by the treasurer who kept them. In Rudd v. Robinson, 126 N. Y. 113, 26 N. E. 1046, an action was brought by the receiver of an insolvent corporation to charge the defendant, as a trustee of the corporation, for the unlawful appropriation of its funds, and his liability was sought to be established by the account books of the corporation. The court, after a full review of the authorities, held the evidence incompetent, upon the principle that the business transactions of a corporation and its members are on the same footing as those with strangers; that the business entries in the books of a corporation are no more evidence against its members than they are against strangers; and that, as to the competency of such books, directors and stockholders occupy the same position. These two cases practically overrule Hoagland v. Bell. If the books and records of a corporation are not evidence to establish a claim of the corporation against a member arising upon contract or otherwise, they ought not to be for the purpose of proving the existence of the contract of membership.

The true ground upon which the books of a corporation, showing who are shareholders, are admissible in evidence, is that they are the best evidence of the assent of the corporation to the contract of membership. Until that assent is proved, the contract is not complete, and no person who has bought shares of stock can be subjected to the liability of a stockholder. When it appears that a person has subscribed for or purchased shares, has voted upon them, has received dividends upon them, or in any other way has consented to occupy the relation of a stockholder, the contract of membership on his part is shown; and the stock books become competent evidence, because they show that the corporation has likewise consented.

We approve the language of a recent commentator, which is as follows:

"On principle, the books and records of the corporation are not competent evidence to prove that the defendant is a stockholder; for the general rule is

that one party to an alleged contract cannot prove the existence of the contract by his own private memoranda or records. The mere statement of this principle ought to be enough to convince one of its correctness, without argument." Thomp. Corp. § 1924.

The plaintiff in error urges that the books of the corporation were admissible in the present case because of the statute of Virginia which provides as follows:

"A person in whose name shares of stock stand on the books of the company shall be deemed the owner thereof as regards the company."

This statute only means that the corporation which has acknowledged such a person as a stockholder, and admitted him to be such upon its records, shall not be at liberty to dispute the relation. Its language does not require any broader meaning.

We conclude that the trial judge was correct in ruling that there was no evidence that the defendant was a stockholder, and in directing a verdict accordingly.

The judgment is affirmed.