## ROBERT GILLESPIE, TRUSTEE FOR THE BENEFIT OF THE CREDITORS OF J. A. HARRIS POULTRY FARM, LIMITED, v. A. F. CAMACHO.

### No. 1544.

APPEAL FROM DISTRICT MAGISTRATE OF SOUTH HILO.

ARGUED JUNE 10 and OCTOBER 27, 1924.        DECIDED OCTOBER 31, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CORPORATIONS—*subscribers for shares before incorporation.*

A subscriber for shares in a corporation to be thereafter formed does not become a holder of capital stock or liable for the price of the shares unless and until acceptance by the corporation of his offer to become a stockholder.

SAME—*acceptance of the subscription—evidence.*

The mere fact of incorporation is not such an acceptance.

OPINION OF THE COURT BY LINDSAY, J.

The defendant with numerous others signed an agreement subscribing for shares of stock in a corporation that was subsequently formed under the name of J. A. Harris Poultry Farm, Limited. The corporation, a little more than a year after its formation, becoming unable to meet its obligations, assigned to plaintiff for the benefit of its creditors, and this action was brought to enforce the alleged liability of defendant under the subscription agreement wherein he had subscribed for ten shares of the capital stock at a par value of $10.

At the trial plaintiff offered in evidence the subscription agreement containing the signature of defendant, the articles of association of the corporation, and the assignment, and, although this is not made altogether clear in the record of the evidence sent up, it may be inferred from the testimony of plaintiff that he made demand upon defendant for the payment of

the sum alleged to be due under the terms of the subscription agreement.

Upon the close of plaintiff's case, defendant moved for a nonsuit upon several grounds, one of which was that upon the evidence adduced plaintiff was not entitled to judgment. The motion was denied, whereupon defendant rested and moved for judgment for defendant on the same grounds urged in his motion for nonsuit. The district magistrate then gave judgment for plaintiff as prayed for, from which judgment defendant has appealed to this court on points of law, only one of which it is necessary to consider here, namely, that the district magistrate erred in denying defendant's motion for a nonsuit upon the ground that upon the evidence plaintiff was not entitled to judgment.

The contention of defendant before the district magistrate was, that the subscription of a person to shares of stock in a corporation to be thereafter formed constitutes an offer on the part of the subscriber to the proposed corporation to become a shareholder, and that before such offer ripens into a binding contract enforceable against the offerer, it is necessary that the offer be accepted. It was argued by defendant that there was no showing made that the corporation had ever accepted the offer of defendant, that no notice of acceptance of his offer was ever communicated to him by the corporation, nor was there any evidence that demand was ever made upon defendant by the corporation for payment of the sum alleged to be due.

Under the authorities, in order that a person subscribing for stock in a corporation about to be organized may become a stockholder in the corporation and, as such, liable for the amount subscribed, it is necessary to show that the offer of the subscriber to become a stockholder has, either expressly or impliedly, been

accepted by the corporation. "A mere subscription does not constitute a subscriber a shareholder until it is accepted · by the corporation." Thompson on Corporations, 2d ed., Sec. 550. *Starrett* v. *Rockland Co.*, 65 Me. 374. "A mere subscription to stock does not *ipso facto* constitute the subscriber a stockholder, for the stock may have been oversubscribed or the subscriber or corporation may repudiate the agreement." 26 A. & E. Ency. L. 895. *Badger Paper Co.* v. *Rose*, 95 Wis. 145; *Carey* v. *Williams*, 79 Fed. 906.

The contention of plaintiff is that the mere fact of incorporation of the corporation amounted to an acceptance of defendant's offer to become a stockholder. With this contention we cannot agree. Upon becoming a legal entity it was within the power of the corporation to either accept or reject the defendant's offer to become a stockholder, and some action or conduct on the part of the corporation evincing its acceptance became necessary and the fact of such acceptance should have been communicated in some· manner to defendant. See 14 C. J. 515. In the instant case there was an entire lack of evidence showing, or tending to show, that the corporation had, at any time, accepted the offer of defendant to become a stockholder, indeed it might, with some degree of force, be urged that the evidence tends to negative the fact of acceptance, for, the affidavit of the officers of the corporation filed with the articles of association at the time of the incorporation and purporting to give the names of subscribers to stock in the corporation, does not include the name of defendant.

From the state of the evidence defendant's motion for a nonsuit should have been granted by the district magistrate.

The appeal is sustained and the cause remanded to

the district magistrate for further proceedings not incon-
sistent with this opinion.

*C. S. Carlsmith* and *H. L. Wrenn* (*C. S. Carlsmith*
on the brief) for plaintiff.

*F. Patterson* (also on the brief) for defendant.