## NETTLES v. TILLSON.

### No. 8239.

Circuit Court of Appeals, Fifth Circuit.

Jan. 15, 1937.

Giles J. Patterson, of Jacksonville, Fla., for appellant.

D. C. Hull, Erskine W. Landis, and Francis P. Whitehair, all of DeLand, Fla., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

In the District Court the verdict was directed for the defendant because the plaintiff failed to prove his case. Nettles, as receiver for the Peoples State Bank of South Carolina, had sued Marie A. Tillson, as executrix of Elizabeth B. McCarter, to recover $3,300 as the double liability of the deceased on 330 shares of stock in the failed bank. She denied the allegation of the declaration that the deceased at the time of her death was the holder of 330 shares of its stock. The only evidence offered was a stub in a book claimed to be the Bank's stock certificate book reading as follows: "Certificate No. 205. Shares 330. Dated March 3/30. Issued to Elizabeth B. McCarter of ———. Received the above certificate. ———." In the blank for the receipt in lieu of a signature is written in pencil "By mail March 21, 1930." A witness testified that he lived in Spartanburg, S. C., and is agent for William Elliott and Robert Gage, receivers for Peoples State Bank of South Carolina, and had in his possession the original stock register of said Bank (meaning the stock certificate book), which he presumed was turned over to the receivers by the court when they were appointed; that he did not make any of the writing on the stub and did not see it made; that he got the book in the early part of 1932; that he did not know Elizabeth B. McCarter and did not know whether the person referred to in the stub was the Elizabeth B. McCarter whose executrix is sued and did not know in whose handwriting the pencil entry of mailing was. It also appeared that Elizabeth B. McCarter died March 11, 1930, a citizen of Florida resident in Volusia county.

The stub was but doubtfully identified as being any record of the Bank. The witness says that he got the book containing it from some receivers in South Carolina whose right and title do not at all appear and that he supposed they got it from the court which appointed them. There being no showing that the officers of the Bank and its bookkeeper are inaccessible as witnesses, or that the receivers are inaccessible in whose custody it now is, we cannot regard the authenticity of the record as sufficiently established to make it the sole foundation of a serious charge against a deceased person's estate. But if it be the Bank's record (the District Judge overruled the objection to its admission in evidence as such), it is insufficient to authorize a verdict in the circumstances of this case. The stub is but the Bank's statement that a stock certificate had been issued as indicated. The absence of the certificate and the pencil memorandum that it had been sent by mail March 21, 1930, supposedly to Elizabeth B. McCarter, amount to a further statement that there had been an attempt to deliver it by mail, albeit ten days after the death of the per-

son whose executrix is sued. These entries are admissions if used against the Bank that the named. person was a stockholder on March 3, 1930, and evidence of the Bank's consent thereto, but on principle they are but self-serving declarations when offered by the Bank or its receiver to bind the named person. No corporation can by merely issuing a stock certificate to any one and mailing it to him make him a stockholder. It is only his precedent agreement to take the stock or his receipt and acceptance of it or his acquiescence in being treated as or held out as a stockholder that can make him such. Keyser v. Hitz, 133 U.S. 138, 149, 10 S.Ct. 290, 33 L.Ed. 531; Williams v. Vreeland (C.C.A.) 244 F. 346; Id., 250 U.S. 295, 305, 39 S.Ct. 438, 63 L.Ed. 989, 3 A.L.R. 1038.

In the present case the mailing of the certificate amounts to nothing, for it could not have been received or retained, or knowledge of it had by the decedent if sent to her, because she was already dead. The case stands as ·though the certificate were still in the book, and the question is whether its preparation without delivery proves that she is a stockholder. Again on principle the answer must be no. Who would say that the wrapping up of goods and marking them for a named person would by itself prove that he had bought them? By no sort of logic can it be said that a private book entry of a corporation can bind one not otherwise shown to have any connection with the corporation. As merely circumstantial evidence, to be resorted to only when direct evidence is shown to be unobtainable, entries on stock books if against the interest of the corporation might found an argument that it would be unlikely that the corporation would issue stock to one not entitled to it. But that argument would not hold here, because it is not shown that direct evidence is not available as to the real truth about this stock, and why and under what circumstances this certificate was written. Moreover, the receiver's counsel stated in colloquy with the court that the stock was issued in a conversion of a national bank into the state bank. Accepting that statement, though it is not evidence, it would be easily possible and is necessary to show the terms of the conversion and whether there was any obligation on the deceased to take the stock or a mere eagerness of the reorganizers to have her do so. In the case of natir.nal banks there is a statutory requirement that the officers keep a record of the stockholders open to inspection and designed for the very purpose of showing who the persons are that are doubly liable. 12 U.S.C.A. § 62. The officers of such a bank being thus required to make a public record, there is a presumption of regularity which makes it admissible in evidence as prima facie correct, just as the weather bureau and the census records are evidence. Evanston v. Gunn, 99 U.S. 660, 25 L.Ed. 306; Priddy v. Boice, 201 Mo. 309, 335, 99 S.W. 1055, 9 L.R.A.(N.S.) 718, 119' Am.St.Rep. 762, 9 Ann.Cas. 874; Murray v. Supreme Lodge, 74 Conn. 715, 719, 52 A. 722. We are not advised of any such law of South Carolina, nor does this stub appear to be any such record. · The state statute, Code, § 7746, providing that no transfer of corporate stock shall be valid until regularly entered on the books of the corporation, does not require the making of a public list of stockholders, nor apply at all except in cases of transfers.

The appellant relies on the principle that identity of name is some evidence of identity of person, and that "where the name of an individual appears on the stockbook of a corporation as a stockholder, the prima facie presumption is that he is the owner of the stock, in a case where there is nothing to rebut that presumption; and, in an action against him as a stockholder, the burden of proving that he is. not a stockholder, or of rebutting that presumption, is cast upon the defendant," quoted from Turnbull v. Payson, 95 U.S. 418, 421, 24 L.Ed. 437; as further federal authority are cited Finn v. Brown, 142 U.S. 56, 67, 12 S.Ct. 136, 35 L.Ed. 936; Williams v. Stone (C.C.A.) 25 F.(2d) 831, and Eley v. Gamble (C.C.A.) 75 F.(2d) 171, from the Fourth Circuit.

The presumption that a person bearing the same name is the same person has a logical basis in that a name is given to distinguish one person from others and usually suffices to do so, at least in the community where the person lives; and it is a convenient administrative presumption that does no harm when the person against whom it is used is alive and before the court, for his simple denial· may rebut it. But justification for it is not apparent when applied against a dead person who lived in another state hundreds of miles away, and who is not shown ever to have been in the state where the name was made use of, or to have had any connection with the person using it. A benefit might be so

conferred, but a serious charge against a deceased's estate ought to have a better basis.

■ As to the presumption arising from the books of the corporation, there is much to justify its use administratively to aid a receiver against a living person who can deny and explain and who presumably knows the facts better than the receiver. It may have some basis in the principles of evidence as against one who has been a stockholder with access as such to the corporation's books, on a question of a transfer of stock from him. So where the record is required by law to be kept for public use, as in the case of a national bank, there is a special basis for accepting it as true. Under extraordinary circumstances, as above suggested, books may even become circumstantial evidence where better proof is not obtainable. We are unwilling to agree that there exists in all cases an evidentiary presumption such as is here claimed. Finn v. Brown was a case of a national bank, and the alleged stockholder was in life and had acted during a considerable period before the bank's failure as its vice president and cashier as well as director, and owned other stock, and was thus fairly chargeable with knowledge of the books. Williams v. Stone and Eley v. Gamble both involved national banks and living persons. In the former, the statutory status of a national bank stock record is recognized, and it appeared that the defendant knew the controverted stock had been entered in his name. In the latter case, the judge offered to set aside the verdict for any defendant who would make affidavit that he was not a stockholder. Turnbull v. Payson did not involve a national bank but an insurance company; but the defendant was living and was proved to have paid 20 per cent. of his subscription and receipted for a dividend on the stock; so there was ample additional evidence he was a stockholder. The words above quoted from the opinion were unnecessary to the decision of affirmance and are not well supported by the authorities cited for them. This criticism was made by the Circuit Court of Appeals of the Second Circuit after elaborate examination in Carey v. Williams, 79 F. 906, and the conclusion not to follow them was reaffirmed in Sigua Iron Co. v. Greene (C.C.A.) 88 F. 207, Id. (C.C.A.) 104 F. 854, and Hayden v. Williams (C.C.A.) 96 F. 279. The Circuit Court of Appeals of the Third

Circuit reached a like conclusion in Foote v. Anderson, 123 F. 659, and the Eighth Circuit in Harrison v. Remington Paper Co., 140 F. 385, 387, 402, 3 L.R.A.(N.S.) 954, 5 Ann.Cas. 314. Absent a statute requiring the making of the record or giving it any special probative force, a corporation's private book entry is not by itself sufficient to charge a deceased person with having subscribed to stock in the corporation. If as an administrative convenience the court may hold the burden of explanation shifted thereby to a living defendant, it ought not to be done in the case of a dead one. Considering the nonresidence of this deceased, the unexplained nonproduction of the bookkeeper who kept the books, of the officers who are supposed to have signed the certificate, or of other records indicating that the deceased had bound herself to take stock or had paid for any, the bare fact that it appears that for some reason the corporation had prepared a certificate for a person of the same name as the deceased will not justify a recovery. The District Court rightly adjudged that the case was not proven.

Affirmed.