### TURNBULL *v.* PAYSON.

1. The court again decides that, where a corporation is adjudged a bankrupt, the proper District Court of the United States, in order to provide means for the payment of the debts of the corporation, may direct an assessment upon the unpaid balance due on stock held by the several stockholders.

2. A person is presumed to be the owner of stock when his name appears on the books of a company as a stockholder; and, when he is sued as such, the burden of disproving that presumption is cast upon him.

3. The record of a district court of the United States is not within the act of Congress approved May 29, 1790 (1 Stat. 122), prescribing the mode in which the records and judicial proceedings of the State courts shall be authenticated, but is, when duly certified by the clerk under its seal, admissible as evidence in every other court of the United States.

ERROR to the Circuit Court of the United States for the District of Maryland.

The facts are stated in the opinion of the court.

*Mr. Edward Otis Hinckley* for the plaintiff in error.

*Mr. D. K. Tenney, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Stockholders in the bankrupt company were made liable by the act of incorporation "in all cases of losses exceeding the means of the corporation," each to the amount of the stock which he held; and the record shows that the defendant, at the time of the alleged loss, held fifty shares of the stock, eighty per cent of which was unpaid.

Sufficient also appears to show that the insurance company, on the 9th of October, 1871, met with losses by fire which exhausted all their funds and effects; and that the corporation, on the 14th of November of the next year, was duly adjudged bankrupt by the District Court for the Northern District of Illinois, the insurance company having its principal place of business at Chicago, in that district.

Due notice was given of the adjudication ; and the creditors, at their first meeting, chose the plaintiff below the assignee of the estate and effects of the bankrupt company. No opposing interest appearing, the register, by an instrument under his hand, assigned and conveyed to the assignee all the estate, real and personal, of the bankrupt company.

Regular proceedings followed ; and the bankrupt court, on the 4th of February, 1873, entered a decree that a call or assessment of sixty per cent upon the stock of the stockholders was necessary for the purpose of raising funds to pay losses incurred by the bankrupt company in its insurance business, and ordered and directed the assignee to proceed to make the assessment.

Pursuant to that decree, the assignee made the assessment, and filed in the bankrupt court due proof that he had given the notices prescribed in the decree. Payment being refused by the defendant, the plaintiff instituted the present suit in the District Court for the District of Maryland, to recover the amount of the assessment on the fifty shares held by the defendant. Service was made, and the defendant appeared and pleaded that he never promised. Other proceedings took place, which it is not necessary to notice ; and at the next term the parties went to trial, and the verdict and judgment were in favor of the plaintiff. Exceptions were duly taken by the defendant ; and he sued out a writ of error, and removed the cause into the Circuit Court, where the parties were again heard, and the Circuit Court affirmed the decree of the District Court.

Cases of the kind may be re-examined here as well as in the Circuit Court upon the bill of exceptions filed in the District Court ; and the defendant accordingly sued out a writ of error, and removed the cause here for re-examination.

Nine bills of exception are set forth in the transcript, covering forty-eight pages of the same, all of which were allowed in the District Court. Bills of exceptions are required, in order that the matters to which they relate may be made a part of the record, and that it may appear that the questions involved were raised in the subordinate court. Such a proceeding constitutes a proper foundation for a writ of error, but

it does not remove the cause into the appellate court without a writ of error; and, whenever a cause is removed into this court, the requirement is that there shall be an assignment of errors, setting " out separately and specifically each error asserted and intended to be urged," and " when the error alleged is to the charge of the court, the specification shall set out the part referred to *totidem verbis,* whether it be the instruction given or instruction refused." Argument to show that the assignment of errors in this cause is not a compliance with that rule is unnecessary, as it is obvious that it is materially defective both in form and substance.

Three errors are set forth in a single assignment : 1. That the court erred by admitting in evidence the several matters set forth in exceptions Nos. 1 to 8.   2. That the court erred in rejecting the prayers for instruction presented by the plaintiff, Nos. 1 to 9.   3. That the court erred in the instruction given to the jury, which covered the whole case.

Assignments of error are required to be more specific and definite ; but, inasmuch as the defendant has reduced the several exceptions to a summary statement, the material questions will be re-examined.

Two principal allegations were required to be proved by the plaintiff in order to maintain the action, which was assumpsit to recover the assessment made by the order of the bankrupt court : 1. That the defendant was a stockholder in the company, and that he owned fifty shares of the capital stock.   2. That the assessment had been made by the assignee, as alleged in the declaration.

During the trial, the plaintiff offered evidence to prove that the defendant was a stockholder, as follows : 1. He offered the books of the corporation, in which the name of the defendant was entered as the owner of fifty shares.   2. He offered the stock-book of the company, with a duplicate of the stock certificate issued to the defendant, showing that he was the owner of the same number of the shares of the capital stock.   3. He introduced testimony to prove that the certificate was sent to the agents of the company, to be delivered to the defendant when he paid twenty per cent of the shares ; and that he made the required payment.   4. He also introduced a receipt signed

by the defendant, showing that the company paid the defendant a dividend upon his stock.

Separate objection was made by the defendant to each of the offers of proof, which were admitted by the court, and the defendant excepted.

Taken as a whole, it is clear that the evidence offered was amply sufficient to warrant the jury in finding that the defendant was a stockholder, as alleged. Where the name of an individual appears on the stock-book of a corporation as a stockholder, the *prima facie* presumption is that he is the owner of the stock, in a case where there is nothing to rebut that presumption; and, in an action against him as a stockholder, the burden of proving that he is not a stockholder, or of rebutting that presumption, is cast upon the defendant. *Hoagland v. Bell*, 36 Barb. (N. Y.) 57; *Plank Road v. Rice*, 7 id. 162; *Turnpike Road v. Van Ness*, 2 Cranch, C. C. 451; *Mudgett v. Horrell*, 33 Cal. 25; *Coffin v. Collins*, 17 Me. 440; *Merrill v. Walker*, 24 id. 237.

Specific objection was also made to the admissibility of the act of incorporation of the company, on account of a verbal variance between the name of the company as given in the act from that set forth in the declaration; but the objection is without merit, as it presents no obstacle to a right understanding of the matter. *Dodge v. Barnes*, 31 Me. 290; *Chadsey v. McCreery*, 27 Ill. 253; *Ken. Seminary v. Wallace*, 15 B. Mon. (Ky.) 35.

Satisfactory proof having been exhibited that the company was duly incorporated and organized, it follows that the receipt of a dividend upon the shares standing upon the book of the company in the name of the defendant, when taken in connection with the other evidence introduced by the plaintiff, is conclusive to show that the assignment of error in that regard should be overruled. *Upton v. Hansbrough*, 10 N. B. R. 369; *In re Bank*, 12 N. Y. 17; *Alder v. Bank*, 13 Wis. 61; *Ward v. Manuf. Co.*, 16 Conn. 593.

Suppose that is so, still it is insisted by the defendant that the court below erred in admitting the record of the bankrupt proceedings in the bankrupt court for the northern district of Illinois. Several objections were taken to the admissibility of

that record, the principal one of which was that the copy of the record was not properly authenticated.

Proceedings in bankruptcy are deemed to be matters of record, but they are not required to be recorded at large. Instead of that, the requirement is that they shall be filed, kept, and numbered in the office of the clerk of the court, a short memorandum thereof being kept in books provided for the purpose ; and the express provision of the act of Congress is that " copies of such records, duly certified under the seal of the court, shall in all cases be *prima facie* evidence of the facts therein stated." 14 Stat. 535 ; Rev. Stat., sect. 4992.

Records and the judicial proceedings of the courts of any State, the act of Congress provides, shall be proved or admitted in evidence in any other court within the United States, by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form. 1 Stat. 122 ; *Mills* v. *Duryee*, 7 Cranch, 481 ; *Christmas* v. *Russell*, 5 Wall. 290.

Both the Constitution and the act of Congress are limited in terms to the records and judicial proceedings of the State courts. Much discussion of that proposition is unnecessary, as it has long since been established by judicial decisions of high authority. *Adams* v. *May*, 33 Conn. 419; Conk. Treat. (5th ed.) 393 ; *Pepoon* v. *Jenkins*, 2 Johns. (N. Y.) Cas. 119 ; *Williams* v. *Wilkes*, 14 Pa. St. 228.

Beyond all doubt, the certificate of the clerk and the seal of the court is a sufficient authentication of the record of a judgment rendered in a State court, when offered in evidence in the Circuit Court sitting within the same State where the judgment was rendered. *Mewster* v. *Spalding*, 6 McLean, 24. Held, also, that such an authentication would be sufficient in the State court; and, if so, that it would also be good in the Circuit Court.

Art. 4, sect. 1, of the Constitution provides that full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State ; and that Congress may, by general laws, prescribe the manner in which such records shall be proved, and the effect thereof. Congress

has exercised that power, and provided in effect that they shall be 'authenticated by the attestation of the clerk under the seal of the court, with the certificate of the judge that the attestation is in due form. *Bissell* v. *Briggs*, 9 Mass. 461; *Bank of the United States* v. *Merchants' Bank of Baltimore*, 7 Gill (Md.), 415.

Records of State courts, in order that they may be admissible in the courts of other States, must be authenticated as required in that provision; but the act of Congress does not apply to the courts of the United States, nor to the public acts, records, or judicial proceedings of a State court to be used as evidence in another court of the same State. Conclusive support to that proposition is found in many decided cases in addition to those to which reference has already been made. *Jenkins* v. *Kinsley*, 3 Johns. (N. Y.) Cas. 474; *Adams* v. *Lesher*, 3 Blackf. (Ind.) 241; *Murray* v. *Marsh*, 2 Hayw. (N. C.) 290.

Circuit and district courts of the United States certainly cannot be considered as foreign in any sense of the term, either in respect to the State courts in which they sit, or as respects the Circuit or District Court of another circuit or district. On the contrary, they are domestic tribunals, whose proceedings all other courts of the country are bound to respect, when authenticated by the certificate of the clerk under the seal of the court, the rule being that the Circuit Court of one circuit or the District Court of one district is presumed to know the seal of the Circuit or District Court of another circuit or district, in the same manner as each court within a State is presumed to know and recognize the seal of any other court within the same State. *Womack* v. *Dearman*, 7 Port. (Ala.) 513.

Attempt was made in the Supreme Court of Massachusetts to exclude the record of a conviction in the criminal court, upon the ground that it was not duly authenticated, it appearing that it was certified by the clerk under the seal of the court without the certificate of the Chief Justice; but the Supreme Court held, Shaw, C. J., giving the opinion, that the copy of the proceedings of any court of record in that State, certified to be a true copy of the record of such court by the clerk of such court, under the seal thereof, is competent evidence of the existence of such record in every other judicial tribunal

in the Commonwealth. *Commonwealth* v. *Phillips*, 11 Pick. (Mass.) 30. Since that time, it has been held by that court that it is not necessary, in order to render a copy of a record of a court in that State competent evidence in another court of the State, that it should be an exemplified copy under the seal of the court, if it is duly certified by the clerk as a true copy of the record. *Chamberlin* v. *Ball*, 15 Gray (Mass.), 352; *Ladd* v. *Blunt*, 4 Mass. 402.

Three-quarters of a century ago, it was decided by the Supreme Court of New York that a record of a judgment rendered in the Circuit Court of the United States for the District of Massachusetts was admissible in evidence, it appearing that it was authenticated in the ordinary method practised in the courts of that Commonwealth; and they placed their decision upon two grounds: 1. That the record was the record of a Federal court. 2. That the act of Congress requiring exemplification did not apply in such a case. *Jenkins* v. *Kinsley*, Col. & C. (N. Y.) Cas. 136.

Viewed in the light of these authorities, to which many more might be added, we are all of the opinion with the Supreme Court of Connecticut, that it is not absolutely necessary that the record of a judgment should be authenticated in the mode prescribed by the act of Congress referred to, to render the same admissible in the courts of the United States; that the District Court of the United States, even out of the State composing the district, is to be regarded as a domestic and not a foreign court, and that the records of such a court may be proved by the certificate of the clerk under the seal of the court, without the certificate of the judge that the attestation is in due form. *Adams* v. *Way*, 33 Conn. 419; *Michener* v. *Payson*, 13 N. B. R. 50; *Mason* v. *Lawrason*, 1 Cranch, C. C. 190.

Bankruptcy proceedings are in all cases deemed matters of record, and are to be carefully filed and numbered; but they are not required to be recorded at large. Short memoranda of the same shall be made in books provided for the purpose, and kept in the office of the clerk; and the provision is that the books shall be open to public inspection. Copies of such records, duly certified under the seal of the court, shall in all cases

.be *prima facie* evidence of the facts therein stated.   14 Stat. 536.

Suffice it to say, that the records of the bankruptcy proceedings admitted in evidence by the court below were authenticated in exact conformity with the directions of the Bankrupt Act, and were, in the judgment of the court, properly admitted in evidence; which is all that need be said in response to the fifth exception.

Exceptions were also taken to the rulings of the court in refusing to instruct the jury as requested by the defendant, and to the instruction given to the jury; but it is not necessary to give those exceptions a separate examination, for the reasons that the material questions involved are substantially the same as those presented in the exceptions to the rulings of the court, already sufficiently considered. Even suppose the assignment of errors presents all the questions involved in the exceptions, still it is clear that there is no error in the record.

*Judgment affirmed.*