## TRIPP *v.* APPLEMAN.

### (*Circuit Court, S. D. Ohio, E. D.* May 9, 1888.)

**1. CORPORATIONS—STOCK—TRANSFER—PROOF OF ACCEPTANCE.**

As between the administrator of the original stockholder and his alleged assignee, who denies having bought the stock or authorized the transfer, the record of the transfer upon the books of the company is not sufficient proof of acceptance by the assignee to render him liable to the estate for calls and assessments paid by it subsequent to the assignment; and this is especially so where such transfer was made under a power of attorney given by the original stockholder, and executed at his instance without the knowledge or consent of the pretended assignee.

**2. SAME—DOCUMENTARY EVIDENCE—BOOKS OF CORPORATION.**

In an action by the administrator of an original stockholder against his alleged assignee to recover the amount of assessments paid after the transfer, plaintiff, to prove the assignment and its acceptance, offered the blotter of the company's treasurer, and the stubs of its check-book, both of which contained entries to the effect that defendant had paid calls on the shares. *Held,* that the evidence was inadmissible; the defendant being a stranger to the corporation.

**3. SAME—SUBROGATION OF ASSIGNOR TO CLAIM FOR ASSESSMENTS.**

An original stockholder, who has been compelled to pay calls on stock after he has assigned it, is entitled to be subrogated to the rights of the corporation against the delinquent assignee only upon clear proof of acceptance of the transfer by the assignee.[1]

At Law. Action by Andrew C. Tripp, as administrator of Charles M. Daugherty, deceased, to recover the amount of calls and assessments paid by the estate upon certain shares of stock alleged to have been assigned by said Daugherty during his life-time to Alpheus R. Appleman, the defendant. There was a trial to a jury, and verdict for plaintiff. Defendant thereupon moved for a new trial.

*Derlam & Leyman,* for plaintiff.

*J. T. Holmes,* for defendant.

SAGE, J. The plaintiff alleges in his petition that on the 8th of February, 1866, Charles M. Daugherty, for a valuable consideration, sold

---

[1] Respecting the doctrine of subrogation and its application, see Dowdy v. Blake, (Ark.) 6 S. W. Rep. 897, and note; Appeal of Miller, (Pa.) 13 Atl. Rep. 504; Appeal of Baker, Id. 487; Bank v. Ackerman, (Tex.) 8 S. W. Rep. 45; Mehr v. Cole, (Ark.) 7 S. W. Rep. 451; Bank v. Manufacturing Co., (N. C.) 5 S. E. Rep. 81; Bunn v. Lindsay, (Mo.) 7 S. W. Rep. 473; Platt v. Railroad Co., (N. Y.) 15 N. E. Rep. 393; Appeal of Oil Co., (Pa.) 12 Atl. Rep. 443; Livingston v. Anderson, (Ga.) 5 S. E. Rep. 48; Appeal of Robeson, (Pa.) 12 Atl. Rep. 51; Knoblauch v. Foglesong, (Minn.) 38 N. W. Rep. 366.

and transferred to defendant 50 shares of the capital stock of the National Express & Transportation Company, a corporation organized under the laws of the state of Virginia, and that the same, at the request of the defendant, and with the consent of the corporation, were, on the 17th of February, 1866, assigned and transferred on the books of the corporation to the defendant, who then and thereby became the owner and holder thereof. The plaintiff sues to recover the amount of subsequent calls and assessments upon the stock so transferred, paid by the plaintiff in discharge of the liability of the estate of said Daugherty therefor. The defendant, by his answer, denied each and every of the allegations of the petition above referred to. Upon the trial, the plaintiff offered in evidence a copy of the original certificate No. 540 for 100 shares of the capital stock of said company, issued to said Daugherty; also a copy of a power of attorney by said Daugherty to R. Mayo, Jr., reciting that Daugherty had bargained, sold, assigned, and transferred to A. R. Appleman 50 shares, and authorizing the transfer of the same to him. There was also testimony that this power of attorney was pasted on the back of said certificate No. 540, which was surrendered by Mayo, as attorney for Daugherty, and canceled, and that an entry of the transfer of 50 shares to A. R. Appleman by Mayo, as attorney for Daugherty, was made on the 16th of February, 1866, on the company's transfer book; and on June 30, 1866, in treasurer's blotter, an entry, "Rec'd from A. R. Appleman, 5% on 50 shares of $250," under the head, "Cash to 4th Assessment;" and on the stub No. 91, in a bank check book of the company, an entry, June 30, 1866, of a deposit of three checks, one of them being "A. R. Appleman, $250;" and a memorandum of the mailing of certificate to Appleman. This was all the testimony offered on behalf of the plaintiff, excepting testimony showing plaintiff's payment of calls and assessments, and that of witnesses tending to prove that the defendant was the "A. R. Appleman" named in the power of attorney and in the entries above referred to. No witness had any personal knowledge of any of the transactions to which the entries in the books refer. The company, on the 20th of September, 1866, made an assignment of all its property in trust for the payment of its creditors. All question as to the competency of the evidence having been reserved at the trial, a verdict was rendered for the plaintiff, and the case is now before the court on motion for new trial.

A new trial must be granted. It is necessary for the plaintiff to establish the averments of his petition denied by the answer, and this he cannot do by showing merely that the defendant named appears upon the books of the company as a stockholder, for it also appears that his intestate, Daugherty, the original stockholder, caused the transfer to be made from himself to the defendant. It is therefore necessary that there should be in addition proof of acceptance by the defendant of the transfer. *Turnbull* v. *Payson,* 95 U. S. 421, is clearly distinguishable from this case. There the action was against an original stockholder, for the benefit of creditors of the corporation; here it is by the administrator of an original stockholder against his alleged transferee, who denies having

made purchase of the stock, or authorized the transfer; and it is sought to establish the liability of the transferrer by the record of the company of a transfer made under a power of attorney given by the transferrer, and executed at his instance, so far as the testimony indicates, without the knowledge or consent of the transferee. In such case, in which the company is not interested, nor are its creditors, something more than the company's record of transfer is necessary. The extreme improbability that the name of an individual would apppear on the stock-books of a corporation as a stockholder to whom a certificate had been issued, is sufficient warrant for the legal presumption casting upon him the burden of proving that he is not a stockholder; but that case is essentially different from one in which it appears that a stockholder has by his own act caused a transfer of stock on the books of the corporation to a third person, who denies that he requested or authorized or accepted such transfer. The reason for the distinction is clear when it appears, as it does from the petition in this case, that the corporation, not long after the transfer, made a general assignment in favor of its creditors; for, when a corporation is in straightened circumstances, or in danger of insolvency, stockholders sometimes make haste to dispose of their stock, and the rule recognized in *Turnbull* v. *Payson* does not apply.

The question remains whether the additional evidence offered makes out the case against the defendant, conceding that "A. R. Appleman," as the name appears in the power of attorney and in the books of the corporation, sufficiently designates the defendant. The answer must be in the negative. *Memoranda* on the margin of a bank check book, showing the date and tenor of the checks drawn and cut from the books, are inadmissible. *Cooper* v. *Morrel*, 4 Yates, 341; *Wilson* v. *Goodin*, Wright, 219; *Wats* v. *Shewell*, 31 Ohio St. 331. This last case is directly in point as to entry on stub of check No. 91, referred to in statement of the evidence. Nor is the entry of $250, credited to A. R. Appleman, admissible. It must be considered apart from the evidence that the books show the issuance of a certificate to him; for that evidence, as we have seen, does not establish that he was a stockholder. He must therefore, in disposing of the competency of the entry on the treasurer's book, be regarded as a stranger to the corporation, and as against strangers the books of a corporation are not admissible. 1 Whart. Ev. § 662. It will hardly do, therefore, to conclude that, although the certificate of transfer is not evidence sufficient to establish that the defendant was a stockholder, and the entry on the treasurer's book is not admissible against him as a stranger, each may be used in aid of the other, and thus the objections to both be overcome.

Finally, it cannot be maintained that under the laws of subrogation the plaintiff has all the rights of the company against the defendant. That proposition applies in favor of a plaintiff only when he succeeds in establishing the relation of stockholder on the part of the defendant to the company, and this the plaintiff has not done.

The verdict of the jury will be set aside and a new trial granted.