186          KENTUCKY REPORTS.          [Vol. 116

L. & N. R. R. Co. v. Hart County.   Hart County v. L. & N. R. R. Co.

CASE 15—ACTION OF HART COUNTY AGAINST LOUISVILLE & NASHVILLE
   R. R. CO. TO COMPEL DEFENDANT TO ISSUE TO PLAINTIFF CERTIFI-
   CATES OF STOCK FOR INTEREST WHICH MATURED ON PLAINTIFF'S
   SUBSCRIPTION TO THE CAPITAL STOCK OF DEFENDANT COMPANY,
   &C.—JUNE 19.

# Louisville & N. R. R. Co. v. Hart County.
# Hart County v. Louisville & N. R. R. Co.

### APPEAL FROM HART CIRCUIT COURT.

FROM THE JUDGMENT BOTH PARTIES APPEAL.   AFFIRMED ON PLAIN-
   TIFFS' APPEAL.   REVERSED ON DEFENDANT'S APPEAL.

CORPORATIONS—INTEREST ON PAID-UP CORPORATE STOCKS—STOCK DIVI-
   DEND—EFFECT—ESTOPPEL—CORPORATE RECORDS—PRESUMPTIONS.

Held:   1. Under 2 Acts 1850-51, page 444, chapter 505, section 5,
   which provides that a certain railroad "shall allow to all sub-
   scribers and holders of stock under the company, interest on
   the same from the time of paying for said stock" up to the time
   of making the first dividend, interest did not begin to run on
   the stock from the date on which a county subscribing therefor
   issued bonds in payment thereof, but from the date of the de-
   livery of the bonds to the company, though the bonds bore
   date anterior to their delivery, and the purchasers thereof would
   be entitled to interest from their date.
2. Evidence that counties, as subscribers of stock in a railway cor-
   poration, frequently delivered their bonds in payment of stock
   subscriptions after the time the bonds bore date, tends to over-
   come the presumption that bonds issued by a particular county
   in payment of stock subscribed by it were delivered to the cor-
   poration the day they were dated.
3. Where there was no evidence to impeach the correctness of the
   record of a corporation showing the transactions between it and
   their stockholders, had about fifty years before, its record show-
   ing the date a subscriber paid for stock by delivering to it bonds
   is the best evidence as to the date when the stock was paid for.
4. Under Acts 1851-52, page 742, chapter 429, section 15, which pro-
   vides that a certain railroad shall, on the date of the first divi-
   dend, and thereafter on presentation and surrender at the com-
   pany's office of tax receipts for taxes paid to defray interest on
   bonds given by a county in payment of corporate stock, issue to

L. & N. R. R. Co. v. Hart County.   Hart County v. L. & N. R. R. Co.

the holders of tax receipts stock for the same, and 1 Acts 1855-56, page 188, chapter 20, section 4, which declares that the holders of stock issued to such taxpayers shall be entitled to all the rights and privileges of stockholders, except that such stock shall not bear interest, a taxpayer paying taxes to defray interest on county bonds issued in payment of corporate stock is entitled to an amount of stock equal to the tax receipt, together with all cash and stock dividends, declared on such stock.

5. A corporation was required to allow to all stock subscribers interest from the time of paying for the stock to the time of making the first cash dividend. In 1861 it declared a stock dividend as of April 1st following. A stock subscriber denied the right of the corporation to stop the running of interest, except by its declaring a cash dividend. At the meeting declaring this dividend, a county, as stock subscriber, was represented by a sinking-fund commissioner. At a subsequent meeting of stockholders, the county was represented by two sinking-fund commissioners, who joined with other stockholders in declaring invalid the claim of the stockholder denying the right to stop interest except by a cash dividend. Subsequently the corporation declared and paid several cash dividends on the basis that interest stopped by the payment in 1862 of the dividend declared in 1861, and the county acquiesced therein. HELD, that the county was estopped from claiming that interest continued to the time the corporation declared the first cash dividend.

6. A transferee of corporate stock acquires the right to any interest due on the stock, though payable in stock instead of cash.

McCANDLESS & JAMES, FOR APPELLANT, HART COUNTY.

SYNOPSIS.

THE QUESTION INVOLVED ON ORIGINAL APPEAL.

1. The subscription was paid April 1, of the years 1853-4-5.

THE QUESTIONS INVOLVED ON CROSS-APPEAL.

1. Hart county was entitled to stock for interest to June 30, 1864.   (1) The question as an original proposition.   (2) The Hardin county case as an authority.

2. Hart county was entitled to dividends on all stock she held at the date of the declaration of the dividend.   (1) As to the disputed stock.   (2) As to tax receipts converted.

3. The court had no authority to impose any conditions.

4. There existed no estoppel.

5. Hart county has never sold the stock claimed.

6. The cause of action was not barred by limitation.   1. As to the stock.   (a) The cause of action accrued within five years

L. & N. R. R. Co. v. Hart County. .Hart County v. L. & N. R. R. Co.

before suit. (b) Fifteen-year statute applied. (c) Not a liabil-
ity created by statute. 2. As to the dividends. (a) Before
the suit was filed. (b) After the suit was filed.

### AUTHORITIES CITED.

Cook on Corporations ('4th ed., 1898), secs. 1, 2, 10, 11, 13, 16,
191, 281, 282, 279, 492, 539, 540, 546, 581, 582, 583,
and 584; Morawetz on Corporations, sec. 149; Roer on Railroads,
p. 33; Wood's Field on Corporations, sec. 111; Greenleaf on
Evidence, sec. 20; Story's Equity Jurisprudence, sec. 1543; Bige-
low on Estoppel (4th ed.), p. 679; Am. & Eng. Ency. of Law (2d
ed.), vol. 4, 624; vol. 8, 729, 730; vol. 9, 683, 892, 903, 904, 920;
vol. 16, 143; Stanton's Revised Statutes, chap. 27, art. 19, sec.
3; chap. 53, art. 1, sec. 2; chap. 53, art. 3, secs. 1 and 2; Har-
din County v. L. & N. R. R. Co., 92 Ky., 412; Seymour v. Van
Slyck, 8 Wend. (N. Y.), 403; Shoptaw v. Ridgeway, 22 Ky. Law
Rep., 1495; State v. Main, 63 Conn., 123; s. c., 36 L. R. A.,
623; Scott v. Marshall, 5 J. J. Mar., 434; Hickman v. Skinner,
3 Mon., 211; Vincent v. Eaves, 1 Met., 250; Oldham v. Jones,
5 B. Mon., 452; Lawhorn v. Carter, 11 Bush, 7; Gale v. Norris,
2 McLean (U. S.), 460; Bunting v. White, 3 Houst. (Del.), 551;
Walden v. Savings Bank, 19 Ky. Law Rep., 1410; Miss., &c., v.
Cross, 20 Ark., 443; Glen v. Saxton, 10 Am. & Eng. Cor. Cas.;
Glen v. Williams, 60 Md., 93; s. c., 1 Am. & Eng. Cor. Cas., 58;
Fry v. Lexington, &c., Co., 2 Met., 314; Mobile, &c., Co. v. Ten-
nessee, 153 U. S., 486; Farris v. Bush, 7 Bush, 277; Ray v. Long-
shaw, 4 Ky. Law Rep., 904; Stacy v. Holiday, 9 Ky. Law Rep.,
517; Lasley v. Lackey, 4 Ky. Law Rep., 97; Copeland v. Cope-
land, 7 Bush, 349; Price v. Price's heirs, 6 Dana, 107; Richard-
son v. Grant Co., 27 Fed. Rep., 495; Reichard v. Warren County,
31 Iowa, 381; Thomas v. Harmon, 46 Hun. (N. Y.), 77; Pitts-
burg, &c., Co. v. Allegheny County, 63 Penn. St., 126; s. c., 4
Am. Cor. Cas., 92; Boardman v. Lake Shore, &c., Co., 84 N.
Y., 157; Jermain v. Lake Shore, &c., Co., 91 N. Y., 483; Mercer
County v. Springfield, &c., Co., 10 Bush, 254; Owingsville, &c.,
Co. v. Bondurant's admr., 21 Ky. Law Rep., 1218; Lynne v.
Bank of Ky., 5 J. J. Mar., 559; Holbrook v. Ives, 7 West. Rep.
(Ohio), 201; Kimball v. Thurman, 14 Ky. Law Rep., 718; Ken-
ton County v. Lowe, 91 Ky., 367; Sullivan v. Sullivan, 20 S. C.,
79; S. C., 6 Am. & Eng. Cor. Cas., 287; Gibson v. Columbia,
&c., Co., 18 Ohio St., 86; Elliott v. Saufley, 89 Ky., 52; Royce
v. Reynolds, 10 Bush, 286; Harrison County v. Smith, 15 B.
Mon., 165; Winchester, &c., Co. v. Wickliffe's Admr., 100 Ky.,
531; Ryder v. Alton, 13 Ill., 516; Hughs v. Vermont Copper Co.,
72 N. Y., 207; S. C. 8 Am. Cor. Cas., 512; City of Louisville v.
Meglemry, 21 Ky. Law Rep., 751.

L. & N. R. R. Co. v. Hart County.   Hart County v. L. & N. R. R. Co.

HELM, BRUCE & HELM, FOR L. & N. R. R. Co.

### POINTS AND AUTHORITIES.

1. He who seeks equity must do equity. Willard v. Tayloe, 8 Wall., 557; Usher v. Flood, 83 Ky., 552; Johnson v. Rowe, 1 Ky. Law Rep., 274; Lou. Water Co. v. Hamilton, 81 Ky., 523.

2. The person equitably entitled to stock in a corporation is the one entitled to receive dividends thereon, though the certificate may not have been issued or transferred to him. Morawetz on Corporations, sec. 178; Currie v. White, 45 N. Y., 832; Black v. Hammershaw, L. R., 4 Exch., 24.

3. The interest on the stock subscription of appellant properly began to run from the date of *delivery* of her bonds delivered in payment of her subscription, *as shown by the books of the company* and *not from the date of the bonds.* Turnbull v. Payson, 95 U. S., 421; Stone v. Kellogg, 165 Ill., 204; 56 Am. St. Rep., 242.

4. Hart county is estopped from maintaining the claim asserted in this action. Simpson County v. L. & N. R. R. Co., 14 Ky. Law Rep., 674.

5. If Hart county ever had a just claim to the *interest* stock she now seeks to recover, she sold and transferred it when she sold her *principal* stock in 1879. Boardman v. Lake Shore R. R. Co., 84 N. Y., 157; Jermain v. Lake Shore R. R. Co., 91 N. Y., 483; Manning v. Quicksilver Mining Co., 24 Hun, 361; Florençe v. Drayson, 1 Com. Bench (N. S.), 584.

Cases explained: Ohio City v. Cleveland & Toledo R. Co., 6 Ohio, 489; Pittsburg, &c., R. Co. v. Allegheny City, 63 Pa. St., 126.

6. Limitation. Mercer County v. Springfield Turnpike Co., 10 Bush, 254; Owingsville Turnpike v. Bondurant, 21 Ky. Law Rep., 1219; Young v. Ashland, &c., Ry. Co., 19 Ky. Law Rep., 491; Gilmore v. Green, 14 Bush, 774; Rev. Stat., ch., 63, art. 3, sec. 2; Royse v. Reynolds, 10 Bush, 286; Treadway v. Pharis, 90 Ky., 663; Hoffert v. Miller, 86 Ky., 572; Winchester Turnpike v. Wickliffe, 100 Ky., 531.

In conclusion therefore we submit the following propositions in the reverse order to that which they were presented, viz.:

1. The action is barred by limitation.

2. If plaintiff had a right to the interest stock claimed, it sold and transferred it with its principal stock in 1879.

3. Plaintiff is estopped from making its present claim.

4. Interest on plaintiff's subscription ran only from the delivery of its bonds, which was on August 4, 1853, August 6, 1856, and September 30, 1857.

**190**                KENTUCKY REPORTS.                [Vol. 116

L. & N. R. R. Co. v. Hart County.   Hart County v. L. & N. R. R. Co.

5. The taxpayers, and not plaintiff, were entitled to the dividends declared to the extent of taxes theretofore paid, though no certificates had actually been issued to them at the time.

6. He who seeks equity must do equity; and if plaintiff insists on having *interest* stock from April 1, 1862, to July 1, 1864, it can not *also* retain the *dividend* stock which was issued within that period on the assumption that the interest stock had ceased.

We therefore ask that the judgment be reversed on the cross-appeal of the Louisville & Nashville Railroad Company with directions to dismiss the petition.

McCANDLESS & JAMES, on petition for rehearing.

### POINTS MADE.

1. The court misstates the purpose of the action, thus showing that the record was not fully understood.

2. The judgment is unjust. By adhering to the case of Hardin County v. L. & N. R. R. Co., 92 Ky., 412, the court concedes the right of Hart county to stock for interest paid between 1862 and 1864, but it refuses to compel the recognition of her right to this stock without any sufficient reason, and, not only this, it holds that she has received several thousand dollars in stock for interest which she paid before the "bills receivable" were credited, that should not have been allowed her, notwithstanding it was the manifest intention of the charter that she should receive a dollar in stock for each dollar she paid in interest before the first dividend was made, and, notwithstanding the company for more than forty years conceded her right to this stock.

3. The court, in discussing the time from which the county should have been allowed stock for interest paid on her bonds, did not consider many material facts and presumptions arising therefrom. It erroneously holds that a copy of a supposed ledger account is competent evidence to prove a negative proposition.

4. The right of the county to dividends paid tax-receipt holders before they converted the tax receipts into stock is doubtful, and we do not further insist on the same.

5. From a statement of the facts which is entirely erroneous, the court holds that the county is estopped from asserting her right to the stock for interest paid between 1862 and 1864, whereas a correct statement of the facts shows that under the law no estoppel exists.

6. Through a misconception of the nature of corporate stock, the court has erroneously held that one share of stock can be,

and is, an "incident" to another share, the stock which the county received for interest paid was entitled to the same rights as was the stock which she received for the original sum paid, the authorities which the court cites, not only fail to support its conclusions, but show conclusively the fallacy of its position.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING ON APPEAL. OF HART COUNTY AND REVERSING ON CROSS-APPEAL OF L. & N. R. R. Co.

The charter of the Louisville & Nashville Railroad Company was granted on March 5, 1850. Several amendments to it were passed by subsequent Legislatures. The company was organized by the election of directors in September, 1851. Under the charter, the counties through which the proposed line of railroad was to be constructed were authorized to subscribe to the capital stock of the company. The city of Louisville was also authorized to subscribe therefor. The counties and municipalities seem to have subscribed for $3,200,000 of it. In January, 1853, Hart county subscribed for $100,000 of the stock, but did not pay for same when subscribed. To pay the subscription the county issued bonds aggregating $100,000. The appellee claims that the bonds were delivered to it as follows: August 14, 1853, $33,000; August 6, 1856, $33,000; and September 30, 1857, $34,000. The bonds bore dates as follows: April 1, 1853, $33,000; April 1, 1854, $33,000; and April 1, 1855, $34,000. To obviate the necessity of an elaborate statement of the facts as to the differences out of which this suit grew, they will be made to appear as far as necessary in our discussion of the questions involved. This action was filed on March 23, 1870, and the answer was not filed for many years thereafter. The action was brought in equity, and for the purpose of compelling the appellee to issue to her certificates of stock for interest which matured on her subscription to the capital stock during certain

192            KENTUCKY REPORTS.        [Vol. 116

L. & N. R. R. Co. v. Hart County.  Hart County v. L. & N. R. R. Co.

periods, for certificates of stock for taxes paid by the tax-
payers of the county to meet the interest which matured
on the bonds which had been issued to pay for her subscrip-
tion, and also to recover certain alleged cash dividends
which she claimed she was entitled to receive. For con-
venience, we will designate Hart county as appellant, and
the Louisville & Nashville Railroad Company as appellee.

The first question that will be considered is, did interest
accrue on the subscription from dates on which the appellee
claims the bonds were actually delivered to it in payment
of the subscription?

Section 5 of the act of March 20, 1851 (2 Acts 1850-51,
p. 444, c. 505), reads as follows: "Said company shall al-
low to all subscribers and holders of stock under the com-
pany, interest on the same from the time of paying for said
stock up to the time of making the first dividend, and to
issue to the holder stock therefor; and when stock shall
be subscribed for a branch they may provide that said stock
shall not be entitled to draw dividends until said branch
is completed, but may allow interest on the payments up
to the completion thereof, and pay it in stock." It will
be observed that it is made the duty of the company to
allow interest on the stock issued by it, from the time
of paying for the stock up to the time of making the first
dividend, and to issue to the holders of stock certificates
therefor. The counties were authorized to issue bonds to
pay their stock subscriptions. Although the bonds deliv-
ered to the appellee in payment of the stock subscription
bore date anterior to the delivery of the same, and although
the party who purchased them would be entitled to the in-
terest thereon from their date, still the interest on the sub-
scription for which stock was to be issued did not begin to
run until the subscription was actually paid—in this case,

until the stock was actually delivered in payment of the subscription. The interest on the bonds and interest on the stock subscriptions are separate and distinct things provided for in the charter and amendments. As an inducement to the counties to subscribe for the capital stock of the appellee, interest was to be paid on the subscription from the date of its payment. Besides, the charter provisions indicated a hope of the promoters that the dividends declared on the stock would pay the interest on the bonds. And it was therefore provided that, if they did not do so that the taxpayers, who were required to pay taxes for that purpose, were entitled to certificates of stock in the company for the amount of the taxes paid by each. The bonds having been delivered almost a half century ago, no one could possibly have any recollection as to the dates they were delivered in payment of the stock. It was the business of the company to keep a record of the transactions between the company and subscribers to the capital stock of the company. Their books should have shown who were subscribers, the amount of each subscription, and the date the bonds were delivered in payment of the subscription. This is an action by one who at that time and for many years thereafter in part constituted the corporation. The county had the right at any time to examine the books of the company. In Turnbull v. Payson, 95 U. S., 421, 24 L. Ed., 437, the court said: "Where the name of an individual appears on the stock book of a corporation as a stockholder, the *prima facie* presumption is that he is the owner of the stock, in case where there is nothing to rebut that presumption; and, in an action against him as a stockholder, the burden of proving that he is not a stockholder, or of rebutting that presumption, is cast upon the defendant." If the books of the appellee are *prima facie*

194        KENTUCKY REPORTS.        [Vol. 116

L. & N. R. R. Co. v. Hart County.  Hart County v. L. & N. R. R. Co.

evidence that one is a stockholder, they would be still stronger evidence, when it is admitted a party is a stockholder, to show when he paid his subscription. There was no evidence offered to impeach the correctness of the record kept by the appellee as to the time the bonds were delivered, nor to overcome the presumption that the record was correctly kept. Counsel for the appellant contend that the presumption should be indulged that the bonds were delivered on the day they bear date, but there is evidence in the record which shows that counties frequently delivered their bonds in payment of stock subscriptions after the time they bore date, and this fact tends to overcome the presumption claimed by counsel for the appellant to exist. Our opinion is, however, that the record kept by the company showing date of delivery in this case is the best evidence as to the date when the stock subscription was paid.

The county contends that the holders of tax receipts were only entitled to the dividends that were declared after the stock was delivered to them for same. The appellee claims that it issued to the holders of tax receipts, when presented, an amount of stock equal to the tax receipt, and also all cash and stock dividends which had been declared on the stock issued for the tax receipts. The claim is made that the county is entitled to the dividends as in the case where stock is sold after a dividend has been declared. There was no sale by the county of her stock to a taxpayer. The stock went to the taxpayer by virtue of the statute. At the time these taxes were paid, or at least part of them, the county did not hold certificates for her stock. Until the certificates for the stock were issued, the county's claim for stock was of the same equitable character as was that of the taxpayer to the stock which the law declared he was

Vol. 116]          APRIL TERM, 1903.          **195**

L. & N. R. R. Co. v. Hart County.   Hart County v. L. & N. R. R. Co.

entitled to upon the payment of taxes. The law compelled the tax-paying citizens of Hart county to pay for the stock for which she subscribed, by paying taxes to be used in the payment of interest and principal of her bonds. Section 15 of the act of January 9, 1852 (Acts 1851-52, p. 742, c. 429), reads as follows: "That the said Louisville & Nashville Railroad shall, upon the date of the first dividend, and thereafter upon presentation and surrender, at the office of the company, of tax receipts for taxes paid to defray interest upon bonds given by any county, under this act, issue to the holders thereof stock for the same. Said tax receipts shall be negotiable by endorsement, and no stock shall be issued for a less amount than one share." By section 4 of the act of January 17, 1856 (1 Acts 1855-56, p. 188, c. 20), it was provided that the county courts shall appoint the clerk of the county or circuit court, or one of the commissioners of the sinking fund, to issue certificates to the taxpayers, etc., of taxes paid, when the amount due the holder is $100. This is to be done at the end of each month. The concluding clause of section 4 is as follows: "The holders of such stock shall, to all intents and purposes, be entitled to all the rights and privileges of stockholders, but such stock shall not bear interest." The stock thus held by a taxpayer or his assignee was entitled to all rights and privileges of other stockholders, except such stock "shall not bear interest." The ownership of the stock by a taxpayer did not depend upon the fact that he held a certificate from the clerk or commissioner, but upon the fact that he had paid taxes. It is shown that the appellee delivered the stock to the taxpayers or their assignees as required by the act. After having fully and satisfactorily met the demands of the taxpayers or their assignees, the county is here asking that she be adjudged cer-

196       KENTUCKY REPORTS.       [Vol. 116

L. & N. R. R. Co. v. Hart County.    Hart County v. L. & N. R. R. Co.

tificates for part of the amounts for which the appellee has issued stock to the taxpayers or their assignees. In other words, the county demands certificates of stock, and dividends thereon, which by the express terms of the statute are declared to belong to others. There is absolutely no merit or justice in the claim, and it would certainly be very inequitable to allow it.

There is another question in the case, involving the right of the county to have issued to her stock for interest which accrued on her subscription between April 1, 1862, and June 30, 1864; the latter being the date on which the first cash dividend was made. In October, 1861, at a stockholders' meeting, a one-fourth of 1 per cent. stock dividend was declared, of date of April 1, 1862. Hardin county, being one of the counties which had subscribed for stock, denied the right of appellee to stop the running of interest on stock subscriptions by declaring the stock dividend mentioned; her contention being that nothing but the declaring of a cash dividend would stop interest on the stock subscriptions. Although her representative was present at the meeting, and made no objection to the proceedings declaring the dividend, yet the county repudiated it, and continued to do so, and at subsequent meetings of stockholders protested against it, which culminated in a suit which finally reached this court, which held that the interest did not cease to run on the subscription until the cash dividend was declared, in June, 1864. Hardin County v. Louisville & Nashville Railroad Company, 92 Ky., 412, 14 R., 401, 17 S. W., 860. The conclusion of the court is now adhered to. Therefore the necessity is obviated to again discuss the question. The course Hart county pursued is entirely different from that of Hardin county. At the meeting declaring the one-fourth of 1 per cent. divi-

dend, Hart county was represented by one of her sinking fund commissioners. At the meeting of the stockholders in 1865, the question arose as to the claim and position of Hardin county; she claiming that she was entitled to stock for interest which accumulated between April 1, 1861, and June 30, 1864, and the dividends on that stock, as well as the other stock held by her. At this meeting Hart county was represented by two of her three commissioners, and Hardin county's claim was unanimously denied, and proper record was made thereof. This action was acquiesced in until this suit was filed. In the meantime several cash dividends were declared upon the basis that none of the counties (and there were many of them) were entitled to stock for interest during the time mentioned, or dividends thereon. Hart county joined with all the other counties in thus construing their rights under the charter. All other counties, except Hardin, acquiesced in this interpretation of their rights under the charter as amended, and never did assert any claim against the company for interest stock covering the period in question. Thus Hart county voted that she and the other counties were not entitled to this stock, and the other counties adhered to that conclusion, and never claimed or received such stock. Hart county now attempts to repudiate the action taken with the approval of her representatives at the stockholders' meetings, and claims that which she formerly said she did not own. After the proceedings at the stockholders' meetings, she stood by and saw other counties who had subscribed for stock acquiesce in the action of the stockholders; saw the appellee declare and pay dividends upon the basis that the right to such stock did not exist in stock-subscribing counties and municipalities. It is suggested that there is nothing to show that these commissioners were present at the

198         KENTUCKY REPORTS.         [Vol. 116

L. & N. R. R. Co. v. Hart County.  Hart County v. L. & N. R. R. Co.

meeting of the stockholders by authority of Hart county. The law authorized them to be present at such meetings to represent the county, and we must presume, after the lapse of so many years, that they were there acting with the consent and approval of the county, and we therefore say that Hart county acquiesced. The reason for refusing to grant relief on this claim of Hart county is as good as it was in the case of Simpson County v. Louisville & Nashville Railroad Company, 14 R., 673, 19 S. W., 666, wherein Judge Lewis, delivering the opinion of the court, said: "If the county court had authority to so order application of the stock dividends, the county and sinking fund commissioners as well are estopped to claim the stock from the company, for it was disposed of and applied precisely in accordance with the order and direction of that court. And if it be conceded, as is argued, that the sinking fund commissioners, and not the county court, had the right to control and dispose of the dividend stock, their conduct was not such as to entitle them to relief that involved injustice to the company, that is not shown to have acted in bad faith. For the evidence is entirely satisfactory that they knew of and consented to, if they did not directly advise, the action of the county court, and also were aware of the fact that the company was applying the stock as directed and authorized by the county court. Yet they made no objection then, nor thereafter, for more than five years. To suppose the commissioners were not aware of the disposition that was being made of the stock in question, that they now claim to have had the exclusive right to hold and control, is to assume they were utterly unmindful of their duties; and, if they did know, it was their duty to then speak, and, having acquiesced so long, they can not now equitably ask the relief sought." We

are of the opinion that it would be inequitable to the other stockholders and to the appellee to grant this relief, and we therefore conclude that Hart county has been estopped by her action to demand it.

From the conclusion we have reached, that Hart county was not entitled to the stock claimed, it necessarily follows that she is not entitled to any dividends thereon.

In addition to the other reasons given for denying the county's right to recover interest stock, there is another which we deem conclusive. Hart county in 1879 sold her principal stock. By section 5, supra, she was entitled to interest on her principal stock from the time she paid for it to the date of the first cash dividend, and for which she was entitled to have stock issued to her. This interest was like any other interest that might accumulate upon a debt, but, instead of its being paid in cash, it was to be paid in stock. It was an incident to the principal stock, exactly the same as interest is an incident to a debt. If the debt is assigned, and interest has matured thereon, the interest passes to the assignee as effectually as the debt. If the interest had been payable in cash instead of stock, the party to whom the county transferred the principal stock would certainly at the same time have acquired the interest due thereon. This is because it would have been an incident to the stock. The mere fact that the appellee could pay it in stock did not make it different from what it would have been, had it been payable in cash. We are of the opinion that, when she sold and transferred her principal stock, if any interest had been due thereon (we have said none was), it would have passed to the purchaser. This view is supported by Boardman v. Lake Shore Railroad Co., 84 N. Y., 157; Jermain v. Lake Shore

200 . KENTUCKY REPORTS. [Vol. 116

L. & N. R. R. Co. v. Hart County. Hart County v. L. & N. R. R. Co.

Railroad Co., 91 N. Y., 483; and Manning v. Quicksilver Mining Co., 24 Hun., 361.

In view of the conclusions reached, we have not thought it necessary to discuss the effect of the 10½ per cent. stock dividends declared, nor the question of limitation.

The judgment is affirmed on the appeal of Hart county, and reversed on the appeal and cross-appeal of the Louisville & Nashville Railroad Company, for proceedings consistent with this opinion.

Response by Judge Paynter to petition for rehearing.

Per Curiam. It is not a difficult matter for zealous counsel to conclude that a court has not fully understood the record, when its conclusions on the facts and the law do not accord with their views. This is unfortunate, but it has always been so, and will continue to be, so long as courts exist, and lawyers are unsuccessful in the prosecution of cases before them. The alleged inaccuracy of the court in summarizing the purpose of the action had not the slightest effect on the conclusion of the court. On the contrary, the court accurately states the claim of the county as to its alleged right to dividends on stock issued to taxpayers or their assignees before such certificates of stock were so issued. Notwithstanding the criticism which counsel saw proper to make of the opinion of the court, wherein the purpose of the action was stated with reference to the claim to which we have just referred, counsel who filed the petition for a rehearing were so impressed with the opinion of the court on that question that they were moved to say in the petition for rehearing, "We have regarded the right of the county in this particular as doubtful, and will not further insist upon the same."

In the opinion of the court it is stated that in Hardin

Vol. 116]        APRIL TERM, 1903.        201

L. & N. R. R. Co. v. Hart County.   Hart County v. L. & N. R. R. Co.

County v. Louisville & Nashville Railroad Co., 92 Ky., 412, 14 R., 401, 17 S. W., 860, "the interest did not cease to run on the subscription until the cash dividend was declared, in June, 1864," and "the conclusion of the court is now adhered to." Counsel criticise the opinion because they seem to conclude that the court did not follow the Hardin County case. The court did adhere to it in holding that the stock dividend of one-quarter of 1 per cent. did not stop the running of interest, and that the interest was not stopped until the payment of a cash dividend. However, on the question of estoppel the court said the facts of this case are essentially different from those of the Hardin County case. The court in the Hardin County case refused to apply the doctrine of estoppel. In this case the court did apply it to an essentially different state of facts. The criticism of counsel could only be justified upon the theory that, because the court refused to apply the doctrine of estoppel against one county, it can not do it against another county on a different state of facts. The court admits an error in saying that Hart county was represented at a certain meeting of stockholders, but the correction of this error does not render it improper to apply the doctrine of estoppel to the facts of this case. It might be conceded that the court reached an erroneous conclusion on all the questions adjudged, save the one wherein the court held that the assignment of the principal stock carried with it the claim for interest stock; still Hart county was not entitled to recover. The court adheres to the conclusion reached on that question.

The whole court (except Judge Hobson, who did not sit in the case) considered the petition for a rehearing and overruled it.